# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **VIRGINIA HUDDLESTON,** ) <br> **& DARRYL WILSON** ) <br> ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> ) <br> ) <br> **PAUL BURCH, in his official and** ) <br> **Individual capacity, and as Employee,** ) <br> **servant and/or agent of MOBILE** ) <br> **COUNTY SHERIFF'S OFFICE, as well** ) <br> **as his individual and official capacity as** ) <br> **board member and/or agent of the** ) <br> **BAYOU LA BATRE HOUSING** ) <br> **AUTHORITY; JONATHAN BUSH,** ) <br> **individually, and as employee, servant** ) <br> **and/or agent of MOBILE COUNTY** ) <br> **SHERIFF'S OFFICE; MOBILE** ) <br> **COUNTY SHERIFF'S OFFICE;** ) <br> **CITY OF BAYOU LA BATRE;** ) <br> **TERRY DOWNEY, in his individual** ) <br> **and official capacity as mayor of the** ) <br> **CITY OF BAYOR LA BATRE;** ) <br> **JOHN WAYNE HATCHER,** ) <br> **individually, and in his official capacity** ) <br> **as board member and/or agent of the** ) <br> **BAYOU LA BATRE HOUSING** ) <br> **AUTHORITY;** ) <br> **MICHAEL BURDINE, individually,** ) <br> **and in his official capacity as board** ) <br> **member and/or agent of the BAYOU LA** ) <br> **BATRE HOUSING AUTHROITY;** ) <br> **DEBRA JONES, individually, and in** ) <br> **her official capacity as board member** ) <br> **and/or agent of the BAYOU LA BATRE** ) <br> **HOUSING AUTHROITY;** ) <br> **STEPHANIE GODSEY, individually** ) | **Case No.: _____** |

**and in her official capacity as board** )
**member and/or agent of the BAYOU LA** )
**BATRE HOUSING AUTHROITY;** )
**BAYOU LA BATRE HOUSING** )
**AUTHORITY; AND FITICIOUS** )
**PARTIES No. 1-7** )
)
    **Defendants.** )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, the Defendants, Paul Burch and Mobile County Sheriff's Office, (hereinafter Defendants) removes this action from the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama, based on federal question and supplemental jurisdiction. As grounds for this removal, Burch states as follows:

1.    On May 12, 2026 Plaintiffs Virginia Huddleston and Darryl Wilson, filed this lawsuit against Defendants in the Circuit Court of Mobile County, Alabama, in an action assigned Case No. 02-CV-2026-901367 (the "State Court Action"). *See* (Exhibit A, Complaint)

2.    On, May 13, 2026, Defendants Paul Burch and Mobile County Sheriff's Office were served with the Summons and Complaint in the State Court Action. Fewer than thirty (30) days have passed since Defendants were served with Plaintiff's Complaint in the State Court Action, which was the first pleading received, through service or otherwise, setting forth the claim for relief upon which such action is based. This removal, therefore, is timely under 28 U.S.C. § 1446(b).

2

3.     A true and correct copy of all pleadings, process, and orders filed in the State Court Action are attached hereto as Exhibit B.

4.     According to their Complaint, Plaintiffs bring this action seeking damages pursuant to 42 U.S.C. §§1983 and 1985 relating to a search of their home on October 5, 2020 and the alleged seizure of personal property at the time of the search (¶¶ 21 & 22; Count I)

5.     Further Plaintiff Huddleston brings claims for violation of her civil rights arising from her arrest on May 27, 2022. (See Counts II, III, IV, V & VI)

6.     Plaintiffs also seek damages for alleged an alleged civil conspiracy to violate their civil rights pursuant to federal and state law. (See Count VII)

7.     Plaintiffs have also alleged state law tort claims arising from the same actions as their federal claims as well as a state tort claim for conversion related to the search of their house in 2020. (See Count VII)

5.     This action is removable pursuant to 28 U.S.C. § 1441. Removal is appropriate because district courts have original jurisdiction over cases involving a federal question, which are "civil actions arising under the Constitution, laws, and treaties of the United States." 28 U.S.C. § 1331. Under the "well-pleaded complaint" rule, "a cause of action 'arises under' federal law for jurisdictional purposes only when the plaintiff's well-pleaded complaint raises federal law issues." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

6.      Plaintiffs also make state law claims. The factual allegations supporting the federal claims are identical to the factual allegations supporting the state law claims. *Id*.  Because the state law claims asserted in the Complaint arise out of a common nucleus of facts and are so related to the federal claims that they form the same case or controversy, this Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367(a). *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1242 (11th Cir. 2007) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

7.      Because this case includes federal and state law claims and because all of those claims could have properly been brought in federal court, removal is proper under 28 U.S.C. §§ 1331, 1367(a), and 1441(a).

8.      All other prerequisites for removal have been satisfied. As set forth above, this Notice of Removal is filed within thirty (30) days of the service of the Complaint on the Defendants. The other named defendants, the City of Bayou La Batre, Terry Downey, John Wayne Hatcher, Michael Burdine, Debra Jones, Stephanie Godsey and Bayou La Batre Housing Authority, have consented to the removal. (See Exhibit C.) (Defendant Jonathan Bush has not been served as of this filing)

4

9.      The State Court Action was commenced in the Circuit Court of Mobile County, Alabama, which is within this Court's district. Therefore, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

10.     Defendants will provide written notice of the removal to Plaintiffs' legal counsel and to the Circuit Court of Mobile County, Alabama, by filing a Notice of Filing Notice of Removal, together with a copy of this Notice of Removal in the Circuit Court of Mobile County, Alabama, and by serving same on Plaintiffs' legal counsel as provided in 28 U.S.C. § 1446(d).

11.     Burch submits this notice without waiving any defenses to the claims asserted by Plaintiffs or conceding that Plaintiffs have pled claims upon which relief can be granted.

WHEREFORE, Burch, having satisfied all requirements for removal, respectfully submit this Notice of Removal of the State Court Action to this Court.

Respectfully Submitted,

*/s/ K. Paul Carbo, Jr*
K. Paul Carbo, Jr. (CAR049)
Attorney for the Defendants
Paul Burch and Mobile County Sheriff's Office
The Atchison Firm P.C.
411 Azalea Road
Mobile, AL 36609
251.665.7200
paul.carbo@atchisonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record to this proceeding by electronic mail and by placing a copy of same in the United States Mail, properly addressed and postage prepaid this 11th day of June, 2026:

John George Scherf IV  - scherflawfirm@gmail.com
Scherf Law Firm, LLC
P.O. Box 1067
Andalusia, AL  36420
Attorney for Plaintiffs


Mark L. Reddit – mredditt@MaynardNexsen.com
Maynard Nexsen
11 North Water Street
RSA Battle House Tower, Suite24290
Mobile, AL 36602
Attorney for City of Bayou La Batre and Terry Downey


Warren Butler, Esq.  – wbutler@starneslaw.com
 Kirby Howard, Esq. – dkhoward@starneslaw.com
Starnes, Davis, Florie, LLP
11 North Water Street
RSA Battle House Tower, Suite 20290
Mobile, AL 36602
Attorneys for Bayou La Batre Housing Authority, John Wayne Hatcher, Michael Burdine, Debra Jones, Stephanie Godsey,

ELECTRONICALLY FILED
5/12/2026 12:46 PM
02-CV-2026-901367.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**EXHIBIT A**

| | | |
|---|---|---|
| VIRGINIA HUDDLESTON<br>& DARRYL WILSON, | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | CIVIL CASE NO.: _____ |
| | ) | |
| v. | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |

**PAUL BURCH,** in his official and individual capacity, and as employee, servant and/or agent of **MOBILE COUNTY SHERIFF'S OFFICE,** as well as his individual and official capacity as board member and/or agent of the **BAYOU LA BATRE HOUSING AUTHORITY; JONATHAN BUSH,** individually, and as employee, servant and/or agent of **MOBILE COUNTY SHERIFF'S OFFICE; MOBILE COUNTY SHERIFF'S OFFICE; CITY OF BAYOU LA BATRE: TERRY DOWNEY,** in his induvial and official capacity as mayor of the **CITY OF BAYOU LA BATRE; JOHN WAYNE HATCHER,** individually, and in his official capacity as board member and/or agent of the **BAYOU LA BATRE HOUSING AUTHORITY; MICHAEL BURDINE,** individually, and in his official capacity as board member and/or agent of the **BAYOU LA BATRE HOUSING AUTHORITY; DEBRA JONES,** individually, and in her official capacity as board member and/or agent of the **BAYOU LA BATRE HOUSING AUTHORITY; STEPHANIE GODSEY,** individually, and in her official capacity as board member and/or agent of the **BAYOU LA BATRE HOUSING AUTHORITY; BAYOU LA BATRE HOUSING AUTHORITY;** and No. 1, whether singular or plural, Plaintiffs hereby intending to designate the deputy or deputies who were involved in the search of Plaintiffs' home on the occasion made the basis of this lawsuit and whose negligent, wanton and/or wrongful conduct caused the injuries suffered by Plaintiffs;

No. 2, whether singular or plural, Plaintiffs hereby intending to designate the supervisor of any deputies who were involved in the search of Plaintiffs' home on the occasion of the incident made the basis of this lawsuit;

No. 3, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities who or which insured Defendants under a policy of liability insurance and/or coverage;

No. 4, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities who or which were the master or principal of the employees of the Mobile County Sheriff's Office involved in the search of Plaintiffs' home and the seizure of personal property on the occasion made the basis of this lawsuit;

No. 5, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities who or which had supervisory authority relating to the deputies involved in the search of Plaintiffs' home and her subsequent arrest involved in the occurrence made the basis of this lawsuit;

No. 6, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities who or which were the master or principal of the board members of the Bayou La Batre Housing Authority involved in the allegations made against Plaintiffs which resulted in the baseless charges being filed against Plaintiff, Virginia Huddleston, as well as any other board members on the occasion made the basis of this lawsuit;

No. 7, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities other than those entities described above, which is the successor in interest of any of

those entities described above. Plaintiffs aver that the identities of the fictitious party Defendants are otherwise unknown to Plaintiffs at this time, or if their names are known to Plaintiffs at this time, their identities as proper party Defendants are not known to Plaintiffs at this time, but their true names will be substituted by amendment when ascertained.

**Defendants.**

## COMPLAINT

## PARTIES

1.      Plaintiff, Virginia Huddleston, is over the age of nineteen (19) years of age and a resident citizen of Semmes, Mobile County, Alabama.

2.      Plaintiff, Darryl Wilson, is over the age of nineteen (19) years of age and a resident citizen of Semmes, Mobile County, Alabama.

3.      Defendant, Paul Burch, at all times relevant hereto, was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the Mobile County Sheriff's Office and is being sued in both his official and individual capacity. Defendant, Paul Burch, was a Commander of the Criminal Investigations Unit for the Mobile County Sheriff's Office during some of the events mentioned in the Complaint before becoming Sheriff in 2023, as well as a board member of the Bayou La Batre Housing Authority on the date that the search warrant was issued and the date of the search of the Plaintiffs' home on October 5, 2020.

4.      Defendant, Jonathan Bush, at all times relevant hereto, was a citizen of the United States and was a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the Mobile County Sheriff's Office and is being sued in both his official and individual capacity. Defendant, Jonathan Bush, was the lead investigator and personally involved with the illegal search of Plaintiffs' home and the releasing of Plaintiffs' personal property illegally seized to a private citizen, John Wayne Hatcher.

5.      Defendant, Mobile County Sheriff's Office, is a duly constituted governmental entity in the State of Alabama, and is, or was, the employer of the individually named Defendant(s) including, but not limited to, those who are being sued in their individual and official capacities.

6.      Defendant, City of Bayou La Batre, a municipal corporation organized pursuant to the laws of the State of Alabama, who was involved with the oversight and the appointment of board members of the Bayou La Batre Housing Authority.

7.      Defendant, Terry Downey, was the duly authorized and elected mayor of the City of Bayou La Batre, who was acting in his individual and official capacity

and involved with the oversight and the appointment of board members of the Bayou La Batre Housing Authority at all times mentioned hereto.

8.  Defendant, John Wayne Hatcher, at all times relevant hereto, was a citizen of the United States and a resident of Mobile County, State of Alabama and was a board member of the Bayou La Batre Housing Authority acting in his individual and official capacity with the board as agent and was involved in the illegal search of Plaintiffs' home and was personally involved with presenting fabricated evidence to the grand jury causing criminal indictments to be issued against the Plaintiff, Virginia Huddleston.

9.  Defendant, Michael Burdine, at all times relevant hereto, was a citizen of the United States and a resident of Mobile County, State of Alabama and was a board member of the Bayou La Batre Housing Authority acting in his individual and official capacity with the board as agent and was involved in the baseless allegations made against Plaintiffs and who was personally involved with the fabrication of the evidence presented to the grand jury causing criminal indictments to be issued against the Plaintiff, Virginia Huddleston.

10. Defendant, Debra Jones, at all times relevant hereto, was a citizen of the United States and a resident of Mobile County, State of Alabama and was a board member of the Bayou La Batre Housing Authority acting in her individual and official capacity with the board as agent and was involved in the baseless allegations made against Plaintiffs and who was personally involved with the fabrication of the evidence presented to the grand jury causing criminal indictments to be issued against the Plaintiff, Virginia Huddleston.

11. Defendant, Stephanie Godsey, at all times relevant hereto, was a citizen of the United States and a resident of Mobile County, State of Alabama and was a board member of the Bayou La Batre Housing Authority acting in her individual and official capacity with the board as agent and was involved in the baseless allegations made against Plaintiffs and who was personally involved with the fabrication of the evidence presented to the grand jury causing criminal indictments to be issued against the Plaintiff, Virginia Huddleston.

12. Defendant, Bayou La Batre Housing Authority, is a public housing authority who oversees and manages the day-to-day operations of the residential housing and complex which came to be known as "Safe Harbor". Defendants, Paul Burch, John Wayne Hatcher, Michael Burdin, Debra Jones, Stephanie Godsey as well as other unknown individuals, were board members at all relevant times hereto and were acting in their individual and official capacities on behalf of the Bayou La Batre Housing Authority.

13.    Fictitious Defendants, "1 through 7" are those Defendants who are responsible for the injuries and resulting damages of the Plaintiffs on the occasion made the basis of this lawsuit, but whose true names and residences are unknown to the Plaintiffs at this time.

## JURISDICTION AND VENUE

14.    This court has jurisdiction over this matter, in which the amount in controversy exceeds $20,000.00, pursuant to Ala. Code Sec. 12-11-30 (1975) and any state and/or federal civil rights claims are brought pursuant to 42 U.S.C. Sec. 1983 for violation of rights, privileges, or immunities secured by the United States Constitution.

## STATEMENT OF FACTS

15.    In 2007, approximately $15.7 million in federal grant money was provided to the City of Bayou La Batre to purchase property and develop affordable housing for those displaced by Hurricanes Katrina and Rita. In 2008, the Bayou La Batre City Council authorized the incorporation of the Housing Authority as a public housing authority to oversee further development of the property and manage the day-to-day operations of the residential housing complex which came to be known as "Safe Harbor".

16.    On or about 2013, the terms of the federal grant were satisfied and the City of Bayou La Batre possessed full ownership of Safe Harbor property managed by the Housing Authority. In 2017, the City of Bayou La Batre completed the full conveyance of all Safe Harbor property to the Housing Authority. The Housing Authority hired Plaintiff, Virginia Huddleston in or around may of 2013 as the Executive Director of the Housing Authority.

17.    On November 15, 2016, the board for the Housing Authority executed an employment contract with the Plaintiff with an annual salary of $80,000.00. The contract provided that the employee could only be in default of the contract if convicted of a felony in Alabama. If the Housing Authority terminated the contract, the terminated employee would be entitled to full compensation of the remaining terms and entitlements of the employment

contract.

18. Then on October 15, 2019, the board executed an amendment to Plaintiff's employment contract, increasing her annual salary to $120,000.00. The amendment also provided that upon completion of the one-year contract or its termination by Plaintiff, the Plaintiff would receive an annual retirement salary of $100,000.00 for life, plus health coverage or insurance. On January 21, 2020, the board approved initial payments to the Plaintiff's retirement in the amount of $75,641.00. Of said amount, $50,000.00 was to be paid directly to Plaintiff Virginia Huddleston, with the remaining amount to go towards taxes owed. On July 9, 2020, the board amended the Plaintiff's employment contract allowing a single lump sum payment if applicable, upon retirement in the amount of $2,521,359.00.

19. Defendant, Terry Downey, was the mayor of the City of Bayou La Batre during this timeframe and was involved in the appointment of board members to the Bayou La Batre Housing Authority. Terry Downey acting as mayor did overtly scheme or plan to have the City receive the proceeds of any sale of the Safe Harbor property, irrespective of the fact that he knew this was not permissible under the law. Terry Downey did appoint Defendant, John Wayne Hatcher, to the board of the Bayou La Batre Housing Authority in furtherance to this scheme. Defendant, Terry Downey thereupon appointed Defendants, Michael Burdine and Paul Burch, in furtherance of this scheme, for investigative purposes and/or coercion of the Plaintiffs to not stand in the way of the City from receiving proceeds of the sale of Safe Harbor. Said intent by Defendant, Terry Downey, was evidenced in the minutes of the September 30, 2020 meeting and Defendant, John Wayne Hatcher's subsequent radio interview on May 20, 2022.

20. Plaintiff, Virginia Huddleston, resigned from her employment on September 13, 2020 and immediately thereafter, new board members, Paul Burch, Captain with the Mobile County Sheriff's Office and new board member, John Wayne Hatcher, started threatening the Plaintiff, Virginia Huddleston and accusing her of converting funds for personal use and using corporate assets and monies for personal expenses. These accusations were made by the new board members, including Defendants Paul Burch, Michael Burdine, Debra Jones and Stephanie

Godsey to forgo having to pay the Plaintiffs the amounts due pursuant to her/his employment contract and retirement package. Specifically stated in the employment contract was the caveat that "the employee could only be in default of the contract if convicted of a felony in Alabama. The conduct of the Defendants was carried out with malice and was intentional, reckless, and/or in callous disregard for the Plaintiff's constitutional rights.

21.     On October 5, 2020, the Mobile County Sheriff's Office initiated a search warrant at the Plaintiff's home where Defendant, Paul Burch, was present along with new board member, John Wayne Hatcher, who was a private citizen, to conduct the search which was not standard procedure. There was absolutely no reason for Defendant, John Wayne Hatcher to be present at the search as Defendant, Paul Burch was also a member of the board of the Bayou La Batre Housing Authority. Defendant, Paul Burch had been appointed to the board the day after Defendant, John Wayne Hatcher's appointment, so Paul Burch had as much knowledge about the items or property as John Wayne Hatcher. At the time of the search, Defendant, Paul Burch was a new board member of the Bayou La Batre Housing Authority and had a clear conflict of interest as he was also representing the Mobile County Sheriff's Office at the time of the search. Deputy, Jonathan Bush, was also involved in the execution of the unlawful search warrant at the Plaintiffs' home. Personal property and computers were seized as part of the search. The local media had been called and tipped off by Defendants and were present during the search. Items not specifically mentioned in the search warrant were taken as well. The Bayou La Batre Housing Authority then sued the Plaintiff on or about December 14, 2020, demanding that the employment package and monies paid to the Plaintiffs be paid back and requested nullification of her employment contract and retirement package.

22.     On or about May 22, 2022, the Plaintiff, Virginia Huddleston, was indicted by the grand jury and was arrested on May 27, 2022 for 3rd degree felony theft including allegations that she improperly used credit cards of the Housing Authority and purchased flooring materials. These allegations were later proven to be false. It is understood and alleged that Defendant, John Wayne Hatcher, was involved in these proceedings, including the grand jury and presented

fabricated and/or unsubstantiated evidence which was the basis of the charge. The amount alleged taken totaled approximately $750.00. Throughout the criminal case Defendant, John Wayne Hatcher continuously harassed the Plaintiffs and their attorney including contacting Virginia Huddleston's attorney, Dennis Knizley and stalking the Plaintiffs at their home. The criminal charge against the Plaintiff was eventually "Nolle Prossed" or dropped the day of the criminal trial on September 9, 2024. It was determined that the allegations against the Plaintiff had no basis in fact and could not be proved at trial and therefore Circuit Judge Michael Youngpeter granted the dismissal.

23.    By April of 2025 or seven months after the dismissal of the charge against Plaintiff, Virginia Huddleston, the items seized from Plaintiffs' home had still not been returned to the Plaintiffs by Defendants. The items the Plaintiffs contend were never returned included a cable battery charger, personal checkbooks, financial documents, a Bosch hammer drill, a Keurig coffee maker and a 35mm Minolta camera. Additionally, several of the items seized that were returned came back damaged beyond repair, including computer equipment, personal checkbooks, fan and power tools.

24.    The judge who handled the criminal charge questioned aspects of the initial raid of Plaintiffs' home and why a private citizen, John Wayne Hatcher, was present during the search. To date, the missing items have still not been returned to the Plaintiffs. It is believed that the lawsuit filed by the Housing Authority and subsequent invalid arrest of the Plaintiff, Virginia Huddleston, were conducted in an effort with malice to deny the Plaintiffs her/his retirement package(s) due pursuant to their employment contract(s).

## COUNT I

## FALSE ARREST

25.    Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

26.    On or about the 5th day of October 2020, Defendants did unlawfully search the Plaintiffs' home and seize personal property as part of that search where private board member,

John Wayne Hatcher, was present and involved with the seizure and inventory of property. As a result of this wrongful search the Plaintiff, Virginia Huddleston, was arrested on or about May 27, 2022 and the subsequent frivolous charge(s) were "Nolle Prossed" on September 9, 2024.

27.    As the proximate result of the Defendants having falsely imprisoned the Plaintiff, Plaintiff was caused to suffer the following injuries and damages: Plaintiff was caused extreme mental anguish, fear, anxiety and embarrassment, and the tarnishing of her employment record, as the arrest was published in the local news media. Plaintiff also suffered loss of use of her personal property, which still has not been returned.

28.    At all times, Defendants were acting under color of law, exercising the authority given to them by the Mobile County Sheriff's Office and their actions were taken with the appearance that they were authorized by the Mobile County Sheriff's Office.

29.    Defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law.

30.    Wherefore, Plaintiffs claim general and compensatory damages, damages sufficient in an amount to indemnify her/his for the losses suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

31.    Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiff under the laws of the State of Alabama and the U.S. Constitution.

32.    Plaintiffs therefore also claims punitive damages from the Defendants.

## COUNT II

### FALSE IMPRISONMENT

33.    Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

34.    On or about the 27th day of May, 2022, Defendants did unlawfully arrest and imprison the Plaintiff, Virginia Huddleston.

35.    As the proximate result of the Defendants having falsely imprisoned the Plaintiff,

the Plaintiff was caused to suffer the following injuries and damage: Plaintiff suffered humiliation, embarrassment, damage to reputation, including her employment record, and reasonable legal fees in obtaining release from custody and the defense of the criminal charge.

36.    At all times, Defendants were acting under color of law, exercising the authority given to them by the Mobile County Sheriff's Office and their actions were taken with the appearance that they were authorized by the government.

37.    Defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law.

38.    Wherefore, Plaintiff claims general and compensatory damages, damages sufficient in an amount to indemnify Plaintiff for her losses she suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

39.    Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiff under the laws of the State of Alabama and the U.S. Constitution. Plaintiff, therefore, also claims punitive damages of the Defendants.

## COUNT III

### MALICIOUS PROSECUTION – STATE OF ALABAMA & SECTION 1983

40.    Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

41.    Defendants did initiate a judicial proceeding against Plaintiff to wit: by charging her with 3rd degree felony theft.

42.    Defendants lacked probable cause to initiate said proceeding and it was conducted with malice. Defendants knowingly initiated criminal proceedings against the Plaintiff without a reasonable basis, causing Plaintiff to suffer a deprivation of liberty.

43.    In initiating said proceeding against Plaintiff, Defendants acted with malice, in that the proceeding was retaliatory, unjust, unwarranted, and motivated by spite, including a financial

incentive to terminate Plaintiff's retirement benefits from the Housing Authority.

44.     The action was terminated in Mobile County, Alabama Circuit Court in favor of Plaintiff upon the charge(s) being "Nolle Processed" on or about September 9, 2024. At all times, Defendants were acting under color of law, exercising the authority given to them by the Mobile County Sheriff's Office.

45.     Defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law.

46.     Wherefore, Plaintiff claims general and compensatory damages, damages sufficient in an amount to indemnify Plaintiff for her losses she suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

47.     Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiff under the laws of the State of Alabama and the U.S. Constitution.

48.     Plaintiff, therefore, also claims punitive damages of the Defendants.

## COUNT IV

## VIOLATION OF CIVIL RIGHTS

49.     Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

50.     On or about the 27th day of May, 2022, Defendants acting in their capacity as law enforcement with the Mobile County Sheriff's Office, unlawfully deprived Plaintiff of her legal and civil rights as guaranteed to her by the Constitution and Laws of the United States and of the State of Alabama.

51.     Defendants' actions violated 42 U.S.C. Section 1983 and/or 42 U.S.C. Section 1985.

Plaintiffs were damaged and injured by Defendants and said conduct, policy, and/or custom and practice causing them to suffer emotional distress, mental anguish, and loss to reputation.

52.    At all times, Defendants were acting under the color of law, exercising the authority given to them by the Mobile County Sheriff's Office, and their actions were taken with the appearance that they were authorized by the government.

53.    Defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law.

54.    Wherefore, Plaintiffs claim general and compensatory damages, damages sufficient in an amount to indemnify them for the losses they suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

55.    Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiffs under the laws of the State of Alabama and the U.S. Constitution.

56.    Plaintiffs, therefore, also claims punitive damages of the Defendants.

### COUNT V

### VIOLATION OF CIVIL RIGHTS-SECTION 1983
### FOURTH AMENDMENT-FALSE ARREST

57.    Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

58.    Without any basis in law or fact, Plaintiff was taken into custody and charged with the crime of 3rd degree felony theft, in violation of her protection against unreasonable search and seizure under the Fourth Amendment of the U.S. Constitution. Defendants' actions toward Plaintiff constituted a false and unjustified arrest conducted with malice intent.

59.    As a result of Defendants' false accusations and misconduct, Plaintiff was required

to retain an attorney and defend herself against criminal charges.

60.    Plaintiff also alleges that Defendants were negligent, careless, and/or ignorant with regard to their duty to protect her from Fourth Amendment rights due to Defendants' inadequate training and/or supervision of its deputies, in that the deputy acting in a supervisory capacity at the time of Plaintiff's arrest, Paul Burch, and Jonathan Bush, were, some one of the individuals who perpetrated numerous violations of the Plaintiff's civil rights.

61.    That at all times, Defendants were acting under color of law, exercising the authority given to them by the government of the Mobile County Sheriff's Office, and their actions were taken with the appearance that they were authorized by the government.

62.    The Defendants' actions in the course of the false and unjust arrest of Plaintiff were reckless, negligent, incompetent, malicious, and/or intentional.

63.    The Defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law.

64.    The Plaintiffs claim general and compensatory damages, damages sufficient in an amount to indemnify her for the losses she suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

65.    That Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiff under the laws of the State of Alabama and the U.S. Constitution.

66.    Plaintiffs, therefore, also claim punitive damages of the Defendants.

## COUNT VI

## VIOLATION OF CIVIL RIGHTS-SECTION 1983
## FOURTH AMENDMENT-FALSE IMPRISONMENT
## FOURTH AMENDMENT-UNREASONABLE SEARCH AND SEIZURE

67.    Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

68.    As a result of Defendants' knowingly false accusations and misconduct, Plaintiff was incarcerated and had to defend herself through several years of litigation.

69.    As Defendants had no justification for arresting her, Plaintiff's injuries under this cause constitute a violation of her Fourth Amendment rights against unreasonable search and seizure, namely the seizure of her person and property.

70.    At all times, Defendants were acting under color of law, exercising the authority given to them by the government of the Mobile County Sheriff's Office, and their actions were taken with the appearance that they were authorized by the government.

71.    Plaintiffs alleges that Defendants were negligent, careless, and/or ignorant with regard to their duty to protect her Fourth Amendment rights due to Defendants' inadequate training and/or supervision of its deputies, in that the officers acting in a supervisory capacity at the time of Plaintiff's arrest were themselves, some of the individuals who perpetrated numerous violations of the Plaintiff's civil rights that day.

72.    Defendants' actions in the course of the false, unjust, unlawful, and retaliatory imprisonment of Plaintiff were reckless, negligent, incompetent, malicious, and/or intentional.

73.    The Defendants acted spitefully, willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law.

74.    Wherefore, Plaintiffs claim general and compensatory damages, damages sufficient

in an amount to indemnify her/him for the losses suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

75.      That Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiffs under the laws of the State of Alabama and the U.S. Constitution.

76.      Plaintiffs, therefore, also claim punitive damages of the Defendants.

**COUNT VII**

**VIOLATION OF CIVIL RIGHTS-SECTION 1983**
**FOURTH AMENDMENT-DEPRIVATION OF PROPERTY**

77.      Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

78.      In the course of Plaintiff's unlawful arrest and detention, she suffered injuries to her person and/or property resulting from the excessive force, search and seizure of property perpetrated by Defendants during the arrest. Plaintiff's property still has not been returned by the Defendants.

79.      Defendants' conduct was unreasonable, negligent, intentional, wanton, malicious, reckless, retaliatory, and incompetent.

80.      That at all times, Defendants were acting under color of law, exercising the authority given to them by the Mobile County Sheriff's Department and their actions were taken with the appearance that they were authorized by the government.

81.      The Plaintiffs allege that Defendants were negligent, careless, and/or ignorant with regard to their duty to protect her/his Fourth Amendment rights due to Defendants' inadequate training and/or supervision of its deputies, in that the officers acting in a supervisory capacity at the time of Plaintiff's arrest were themselves, some of the individuals who perpetrated numerous

violations of the Plaintiff's civil rights that day.

82.    The Defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law.

83.    Wherefore, Plaintiffs claim general and compensatory damages, damages sufficient in an amount to indemnify them for the losses they suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

84.    Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiffs under the laws of the State of Alabama and the U.S. Constitution.

85.    Plaintiffs, therefore, also claim punitive damages of the Defendants.

## COUNT VIII

### VIOLATION OF CIVIL RIGHTS-SECTION 1983
### FOURTEENTH AMENDMENT-EQUAL PROTECTION

86.    Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

87.    Upon information and belief, Plaintiffs allege the following regarding their treatment under the law by Defendants. Plaintiffs allege that the search conducted on October 5, 2020, was done without sufficient probable cause and in violation of their civil rights. Defendants' actions were intentional, reckless, and/or in callous disregard for Plaintiffs' constitutional rights.

88.    Plaintiffs further allege that there was no reason or explanation for a private citizen and board member, Defendant John Wayne Hatcher, to be present during the search, with full knowledge and authorization by the Bayou La Batre Housing Authority.

89.    Plaintiffs further allege that Defendants failed to return personal property that was taken during the search after dismissal of her criminal charge.

90.    Plaintiffs allege that Defendants did conspire to arrest Plaintiff so as to forgo having to comply with her employment contract and the payment of her retirement package.

91.    Plaintiffs allege that Defendants were negligent, careless, and/or ignorant with regard to their duty to provide her with equal protection under the law due to Defendants inadequate training and/or supervision of its deputies, in that the officers acting in a supervisory capacity at the time of Plaintiff's arrest were themselves, some of the individuals who perpetrated numerous violations of the Plaintiff's civil rights that day.

92.    That at all times, Defendants were acting under color of law, exercising the authority given to them by the Mobile County Sheriff's Office, and their actions were taken with the appearance that they were authorized by the government.

93.    In light of the facts pleaded in Plaintiffs' complaint, Defendants Paul Burch, Jonathan Bush, as well as Defendant Mobile County Sheriff's Office, violated Plaintiffs' right to equal protection under the law as protected by the Fourteenth Amendment. Defendants' violation of Plaintiffs' right to equal protection, as outlined in this Complaint, was reckless, negligent, incompetent, spiteful, malicious, and/or intentional.

94.    The Defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law.

95.    Wherefore, Plaintiffs claim general and compensatory damages, damages sufficient in an amount to indemnify her/him for the losses they suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

96.    The Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiffs under the laws of the State of Alabama and the U.S. Constitution.

97.    Plaintiffs, therefore, also claim punitive damages of the Defendants.

## COUNT IX

### VIOLATION OF CIVIL RIGHTS-SECTION 1985
### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

98.    Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

99.    In their arrest and imprisonment of Plaintiff, Defendants conspired for the purposes of impeding, hindering, obstructing, or defeating, the due course of justice in the State of Alabama, with intent to deny Plaintiff the equal protection of the law, or to injure her/him or her/his property for lawfully exercising, or attempting to exercise their right to free speech and to equal protection under the law, Namely, Defendants conspired to violate, and did violate, Plaintiffs' civil rights as protected under the First, Fourth, and Fourteenth Amendments of the U.S. Constitution.

100.    That at all times, Defendants were acting under color of law, exercising the authority given to them by the Mobile County Sherriff's Office, and their actions were taken with the appearance that they were authorized by the government.

101.    The Plaintiffs allege that Defendants were negligent, careless, and/or ignorant with regard to their duty to protect her civil rights due to Defendants' inadequate training and/or supervision of its deputies, in that the officers acting in a supervisory capacity at the time of Plaintiff's arrest were themselves, some of the individuals who perpetrated numerous violations of the Plaintiff's civil rights.

102.    Defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their

authority, and/or under a mistaken interpretation of the law.

103.   Wherefore, Plaintiffs claim general and compensatory damages, damages sufficient in an amount to indemnify them for the losses they suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

104.   The Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiff under the laws of the state of Alabama and the U.S. Constitution.

105.   Plaintiffs, therefore, also claim punitive damages of the Defendants.


## COUNT X

## CONVERSION

106.   Plaintiffs adopt and reallege each and every provision of the Complaint as if fully set out herein.

107.   Plaintiffs did own, possess, or had the immediate right to possess certain personal property described as a cable battery charger, personal checkbooks, financial documents, a Bosch hammer drill, a Keurig coffee maker and a 35mm Minolta camera, computer equipment, personal checkbooks, fan and power tools, as well as other personal items that were seized during the search of their home on October 5, 2020.

108.   On said date, the Mobile County Sheriff's Office initiated a search warrant at the Plaintiffs' home where Defendant, Paul Burch, was present along with new board member and Defendant, John Wayne Hatcher, who was a private citizen.

109.   Defendants wrongfully took, assumed control over, retained or otherwise exercised dominion over the Plaintiffs' personal property. Defendants control over the property was without Plaintiffs' consent, authorization, or legal justification.

110.    The criminal charge against the Plaintiff, Virginia Huddleston was eventually "Nolle Prossed" or dropped the day of the criminal trial on September 9, 2024. It was determined that the allegations against the Plaintiff had no basis in fact and could not be proved at trial and therefore Circuit Judge Michael Youngpeter granted the dismissal.

111.    By April of 2025 or seven months after the dismissal of the charge against Plaintiff, Virginia Huddleston, the items seized from Plaintiffs' home had still not been returned to the Plaintiffs by Defendants. The judge who handled the criminal charge questioned aspects of the initial raid of Plaintiffs' home and why a private citizen, John Wayne Hatcher, was present during the search. To date, the missing items have still not been returned to the Plaintiffs.

112.    The Plaintiffs have demanded return of the personal property multiple times, but Defendants have refused and do continue to refuse to return the property to Plaintiffs. Defendants' actions deprived Plaintiffs of the use, possession, and value of the said property and as a direct result of Defendants' conduct, Plaintiffs suffered damages including the loss of use of the property, diminution in value of the property, and other consequential damages.

113.    Defendants' conduct constitutes conversion under Alabama law and the Plaintiffs have suffered actual damages as a result of the conversion. Defendants' conduct was willful, malicious, or in reckless disregard of Plaintiffs' rights, justifying an award of punitive damages.

114.    Wherefore, Plaintiffs claim general and compensatory damages, damages sufficient in an amount to indemnify her/him for the losses suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.


## COUNT XI

### FICTITIOUS PARTIES

115.    Plaintiffs adopt and realleges each and every provision of the Complaint as if fully set out herein.

116.    Fictitious party 1, whether singular or plural, Plaintiffs hereby intending to

designate the deputy or deputies who were involved in the search of Plaintiffs' home on the occasion made the basis of this lawsuit and who's negligent, wanton and/or wrongful conduct caused the injuries suffered by the Plaintiffs.

117.    Fictitious party 2, whether singular or plural, Plaintiffs hereby intending to designate the supervisor of any deputies who were involved in the search of Plaintiffs' home on the occasion of the incident made the basis of this lawsuit.

118.    Fictitious party 3, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities who or which insured Defendants under a policy of liability insurance and/or coverage.

119.    Fictitious party 4, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities who or which were the master or principal of the employees of the Mobile County Sheriff's Office involved in the search of Plaintiffs' home and the seizure of personal property on the occasion made the basis of this lawsuit.

120.    Fictitious party 5, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities who or which had supervisory authority relating to the deputies involved in the search of Plaintiffs' home and her subsequent arrest involved in the occurrence made the basis of this lawsuit.

121.    Fictitious party 6, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities who were the master or principal of the board members of the Bayou La Batre Housing Authority involved in the allegations made against Plaintiffs which resulted in the baseless charges being filed against Plaintiff, Virginia Huddleston, as well as any other board members on the occasion made the basis of this lawsuit.

122.    Fictitious party 7, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above.

123. WHEREFORE, the above premises considered, Plaintiffs request judgment against Defendants, each and every one of them, jointly and severally, for the following:

a. General and compensatory damages according to proof;

b. Damages for medical and/or property expenses according to proof;

c. Punitive damages;

d. Prejudgment and post judgment interest according to law;

e. Cost of this action;

f. Attorney's fees; and

g. Such other and further relief as the court deems just and proper.

/s/ John G. Scherf, IV
JOHN G. SCHERF, IV (SCH049)
Alabama State Bar ID: (9610C54J)
Attorney for Plaintiffs

**JURY DEMAND**

Plaintiff hereby demands a trial by jury in this action.

**OF COUNSEL:**

SCHERF LAW FIRM, LLC.
P.O. Box 1067
Andalusia, Alabama 36420
Phone: (334) 208-7857
E-mail: scherflawfirm@gmail.com

**PLAINTIFFS' ADDRESS:**

VIRGINIA HUDDLESTON
DARRYL WILSON
3480 Semmes Woods Drive
Semmes, Alabama 36575

**SERVE DEFENDANTS AS FOLLOWS:**

PAUL BURCH (Sheriff)
5701 Riverwood Landing S.
Theodore, Alabama 36582

JONATHAN BUSH (Deputy)
5804 Twin Branch Drive E.
Satsuma, Alabama 36572

MOBILE COUNTY SHERIFF'S OFFICE
510 S. Royal Street
Mobile, Alabama 36601

CITY OF BAYOU LA BATRE
13785 South Wintzell Avenue
Bayou La Batre, Alabama 36509

TERRY DOWNEY (Former Mayor)
13800 E. Davenport Street
Bayou La Batre, Alabama 36509

JOHN WAYNE HATCHER (Board Member)
Bayou La Batre Housing Authority
6560 Hayfield Road
Theodore, Alabama 36582

MICHAEL BURDINE (Board Member)
Bayou La Batre Housing Authority
8008 Oak Bend Drive
Theodore, Alabama 36582

DEBRA JONES (Board Member)
Bayou La Batre Housing Authority
8280 Meadow Lane S.
Irvington, Alabama 36544

STEPHANIE GODSEY (Board Member)
Bayou La Batre Housing Authority
13321 Center Avenue
Bayou La Batre, Alabama 36509

BAYOU LA BATRE HOUSING AUTHORITY
12131 Safe Harbor Circle E.
Irvington, Alabama 36544

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2024 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2026-901367.00 |
|---|---|---|

**EXHIBIT B**

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA COUNTY, ALABAMA
### VIRGINIA HUDDLESTON ET AL V. PAUL BURCH ET AL

**NOTICE TO:** MOBILE COUNTY SHERIFF'S OFFICE, 510 S. ROYAL STREET, MOBILE, AL 36601

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GEORGE SCHERF IV

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P.O. Box 1067, ANDALUSIA, AL 36420

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 05/12/2026 | /s/ ASHLEIGH LONG | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Telephone Number of Designated Process Server)*

ELECTRONICALLY FILED
5/12/2026 12:46 PM
02-CV-2026-901367.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/25 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>02<br><br>Date of Filing:<br>05/12/2026 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**VIRGINIA HUDDLESTON ET AL v. PAUL BURCH ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☑ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**    F ☑ INITIAL FILING          P ☐ APPEAL FROM PROBATE COURT

A ☐ APPEAL FROM DISTRICT COURT          O ☐ OTHER

**HAS JURY TRIAL BEEN DEMANDED?**    ☐ YES  ☑ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

SCH049                5/12/2026 12:46:53 PM              /s/ JOHN GEORGE SCHERF IV
_____        _____          _____
                       Date                              Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**    ☐ YES  ☐ NO  ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**    ☐ YES ☐ NO

ELECTRONICALLY FILED
5/12/2026 12:46 PM
02-CV-2026-901367.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| VIRGINIA HUDDLESTON & DARRYL WILSON, | ) ) ) |
| Plaintiffs, | ) CIVIL CASE NO.: _____ ) |
| v. | ) COMPLAINT AND JURY DEMAND ) ) |

PAUL BURCH, in his official and individual capacity, and as employee, servant and/or agent of MOBILE COUNTY SHERIFF'S OFFICE, as well as his individual and official capacity as board member and/or agent of the BAYOU LA BATRE HOUSING AUTHORITY; JONATHAN BUSH, individually, and as employee, servant and/or agent of MOBILE COUNTY SHERIFF'S OFFICE; MOBILE COUNTY SHERIFF'S OFFICE; CITY OF BAYOU LA BATRE: TERRY DOWNEY, in his induvial and official capacity as mayor of the CITY OF BAYOU LA BATRE; JOHN WAYNE HATCHER, individually, and in his official capacity as board member and/or agent of the BAYOU LA BATRE HOUSING AUTHORITY; MICHAEL BURDINE, individually, and in his official capacity as board member and/or agent of the BAYOU LA BATRE HOUSING AUTHORITY; DEBRA JONES, individually, and in her official capacity as board member and/or agent of the BAYOU LA BATRE HOUSING AUTHORITY; STEPHANIE GODSEY, individually, and in her official capacity as board member and/or agent of the BAYOU LA BATRE HOUSING AUTHORITY; BAYOU LA BATRE HOUSING AUTHORITY; and No. 1, whether singular or plural, Plaintiffs hereby intending to designate the deputy or deputies who were involved in the search of Plaintiffs' home on the occasion made the basis of this lawsuit and whose negligent, wanton and/or wrongful conduct caused the injuries suffered by Plaintiffs;

No. 2, whether singular or plural, Plaintiffs hereby intending to designate the supervisor of any deputies who were involved in the search of Plaintiffs' home on the occasion of the incident made the basis of this lawsuit;

No. 3, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities who or which insured Defendants under a policy of liability insurance and/or coverage;

No. 4, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities who or which were the master or principal of the employees of the Mobile County Sheriff's Office involved in the search of Plaintiffs' home and the seizure of personal property on the occasion made the basis of this lawsuit;

No. 5, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities who or which had supervisory authority relating to the deputies involved in the search of Plaintiffs' home and her subsequent arrest involved in the occurrence made the basis of this lawsuit;

No. 6, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities who or which were the master or principal of the board members of the Bayou La Batre Housing Authority involved in the allegations made against Plaintiffs which resulted in the baseless charges being filed against Plaintiff, Virginia Huddleston, as well as any other board members on the occasion made the basis of this lawsuit;

No. 7, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities other than those entities described above, which is the successor in interest of any of

those entities described above. Plaintiffs aver that the identities of the fictitious party Defendants are otherwise unknown to Plaintiffs at this time, or if their names are known to Plaintiffs at this time, their identities as proper party Defendants are not known to Plaintiffs at this time, but their true names will be substituted by amendment when ascertained.

**Defendants.**

## C O M P L A I N T

## PARTIES

1.      Plaintiff, Virginia Huddleston, is over the age of nineteen (19) years of age and a resident citizen of Semmes, Mobile County, Alabama.

2.      Plaintiff, Darryl Wilson, is over the age of nineteen (19) years of age and a resident citizen of Semmes, Mobile County, Alabama.

3.      Defendant, Paul Burch, at all times relevant hereto, was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the Mobile County Sheriff's Office and is being sued in both his official and individual capacity. Defendant, Paul Burch, was a Commander of the Criminal Investigations Unit for the Mobile County Sheriff's Office during some of the events mentioned in the Complaint before becoming Sheriff in 2023, as well as a board member of the Bayou La Batre Housing Authority on the date that the search warrant was issued and the date of the search of the Plaintiffs' home on October 5, 2020.

4.      Defendant, Jonathan Bush, at all times relevant hereto, was a citizen of the United States and was a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the Mobile County Sheriff's Office and is being sued in both his official and individual capacity. Defendant, Jonathan Bush, was the lead investigator and personally involved with the illegal search of Plaintiffs' home and the releasing of Plaintiffs' personal property illegally seized to a private citizen, John Wayne Hatcher.

5.      Defendant, Mobile County Sheriff's Office, is a duly constituted governmental entity in the State of Alabama, and is, or was, the employer of the individually named Defendant(s) including, but not limited to, those who are being sued in their individual and official capacities.

6.      Defendant, City of Bayou La Batre, a municipal corporation organized pursuant to the laws of the State of Alabama, who was involved with the oversight and the appointment of board members of the Bayou La Batre Housing Authority.

7.      Defendant, Terry Downey, was the duly authorized and elected mayor of the City of Bayou La Batre, who was acting in his individual and official capacity

and involved with the oversight and the appointment of board members of the Bayou La Batre Housing Authority at all times mentioned hereto.

8.    Defendant, John Wayne Hatcher, at all times relevant hereto, was a citizen of the United States and a resident of Mobile County, State of Alabama and was a board member of the Bayou La Batre Housing Authority acting in his individual and official capacity with the board as agent and was involved in the illegal search of Plaintiffs' home and was personally involved with presenting fabricated evidence to the grand jury causing criminal indictments to be issued against the Plaintiff, Virginia Huddleston.

9.    Defendant, Michael Burdine, at all times relevant hereto, was a citizen of the United States and a resident of Mobile County, State of Alabama and was a board member of the Bayou La Batre Housing Authority acting in his individual and official capacity with the board as agent and was involved in the baseless allegations made against Plaintiffs and who was personally involved with the fabrication of the evidence presented to the grand jury causing criminal indictments to be issued against the Plaintiff, Virginia Huddleston.

10.    Defendant, Debra Jones, at all times relevant hereto, was a citizen of the United States and a resident of Mobile County, State of Alabama and was a board member of the Bayou La Batre Housing Authority acting in her individual and official capacity with the board as agent and was involved in the baseless allegations made against Plaintiffs and who was personally involved with the fabrication of the evidence presented to the grand jury causing criminal indictments to be issued against the Plaintiff, Virginia Huddleston.

11.    Defendant, Stephanie Godsey, at all times relevant hereto, was a citizen of the United States and a resident of Mobile County, State of Alabama and was a board member of the Bayou La Batre Housing Authority acting in her individual and official capacity with the board as agent and was involved in the baseless allegations made against Plaintiffs and who was personally involved with the fabrication of the evidence presented to the grand jury causing criminal indictments to be issued against the Plaintiff, Virginia Huddleston.

12.    Defendant, Bayou La Batre Housing Authority, is a public housing authority who oversees and manages the day-to-day operations of the residential housing and complex which came to be known as "Safe Harbor". Defendants, Paul Burch, John Wayne Hatcher, Michael Burdin, Debra Jones, Stephanie Godsey as well as other unknown individuals, were board members at all relevant times hereto and were acting in their individual and official capacities on behalf of the Bayou La Batre Housing Authority.

13.     Fictitious Defendants, "1 through 7" are those Defendants who are responsible for the injuries and resulting damages of the Plaintiffs on the occasion made the basis of this lawsuit, but whose true names and residences are unknown to the Plaintiffs at this time.

## JURISDICTION AND VENUE

14.     This court has jurisdiction over this matter, in which the amount in controversy exceeds $20,000.00, pursuant to Ala. Code Sec. 12-11-30 (1975) and any state and/or federal civil rights claims are brought pursuant to 42 U.S.C. Sec. 1983 for violation of rights, privileges, or immunities secured by the United States Constitution.

## STATEMENT OF FACTS

15.     In 2007, approximately $15.7 million in federal grant money was provided to the City of Bayou La Batre to purchase property and develop affordable housing for those displaced by Hurricanes Katrina and Rita. In 2008, the Bayou La Batre City Council authorized the incorporation of the Housing Authority as a public housing authority to oversee further development of the property and manage the day-to-day operations of the residential housing complex which came to be known as "Safe Harbor".

16.     On or about 2013, the terms of the federal grant were satisfied and the City of Bayou La Batre possessed full ownership of Safe Harbor property managed by the Housing Authority. In 2017, the City of Bayou La Batre completed the full conveyance of all Safe Harbor property to the Housing Authority. The Housing Authority hired Plaintiff, Virginia Huddleston in or around may of 2013 as the Executive Director of the Housing Authority.

17.     On November 15, 2016, the board for the Housing Authority executed an employment contract with the Plaintiff with an annual salary of $80,000.00. The contract provided that the employee could only be in default of the contract if convicted of a felony in Alabama. If the Housing Authority terminated the contract, the terminated employee would be entitled to full compensation of the remaining terms and entitlements of the employment

contract.

18.     Then on October 15, 2019, the board executed an amendment to Plaintiff's employment contract, increasing her annual salary to $120,000.00. The amendment also provided that upon completion of the one-year contract or its termination by Plaintiff, the Plaintiff would receive an annual retirement salary of $100,000.00 for life, plus health coverage or insurance. On January 21, 2020, the board approved initial payments to the Plaintiff's retirement in the amount of $75,641.00. Of said amount, $50,000.00 was to be paid directly to Plaintiff Virginia Huddleston, with the remaining amount to go towards taxes owed. On July 9, 2020, the board amended the Plaintiff's employment contract allowing a single lump sum payment if applicable, upon retirement in the amount of $2,521,359.00.

19.     Defendant, Terry Downey, was the mayor of the City of Bayou La Batre during this timeframe and was involved in the appointment of board members to the Bayou La Batre Housing Authority. Terry Downey acting as mayor did overtly scheme or plan to have the City receive the proceeds of any sale of the Safe Harbor property, irrespective of the fact that he knew this was not permissible under the law. Terry Downey did appoint Defendant, John Wayne Hatcher, to the board of the Bayou La Batre Housing Authority in furtherance to this scheme. Defendant, Terry Downey thereupon appointed Defendants, Michael Burdine and Paul Burch, in furtherance of this scheme, for investigative purposes and/or coercion of the Plaintiffs to not stand in the way of the City from receiving proceeds of the sale of Safe Harbor. Said intent by Defendant, Terry Downey, was evidenced in the minutes of the September 30, 2020 meeting and Defendant, John Wayne Hatcher's subsequent radio interview on May 20, 2022.

20.     Plaintiff, Virginia Huddleston, resigned from her employment on September 13, 2020 and immediately thereafter, new board members, Paul Burch, Captain with the Mobile County Sheriff's Office and new board member, John Wayne Hatcher, started threatening the Plaintiff, Virginia Huddleston and accusing her of converting funds for personal use and using corporate assets and monies for personal expenses. These accusations were made by the new board members, including Defendants Paul Burch, Michael Burdine, Debra Jones and Stephanie

Godsey to forgo having to pay the Plaintiffs the amounts due pursuant to her/his employment contract and retirement package. Specifically stated in the employment contract was the caveat that "the employee could only be in default of the contract if convicted of a felony in Alabama. The conduct of the Defendants was carried out with malice and was intentional, reckless, and/or in callous disregard for the Plaintiff's constitutional rights.

21.    On October 5, 2020, the Mobile County Sheriff's Office initiated a search warrant at the Plaintiff's home where Defendant, Paul Burch, was present along with new board member, John Wayne Hatcher, who was a private citizen, to conduct the search which was not standard procedure. There was absolutely no reason for Defendant, John Wayne Hatcher to be present at the search as Defendant, Paul Burch was also a member of the board of the Bayou La Batre Housing Authority. Defendant, Paul Burch had been appointed to the board the day after Defendant, John Wayne Hatcher's appointment, so Paul Burch had as much knowledge about the items or property as John Wayne Hatcher. At the time of the search, Defendant, Paul Burch was a new board member of the Bayou La Batre Housing Authority and had a clear conflict of interest as he was also representing the Mobile County Sheriff's Office at the time of the search. Deputy, Jonathan Bush, was also involved in the execution of the unlawful search warrant at the Plaintiffs' home. Personal property and computers were seized as part of the search. The local media had been called and tipped off by Defendants and were present during the search. Items not specifically mentioned in the search warrant were taken as well. The Bayou La Batre Housing Authority then sued the Plaintiff on or about December 14, 2020, demanding that the employment package and monies paid to the Plaintiffs be paid back and requested nullification of her employment contract and retirement package.

22.    On or about May 22, 2022, the Plaintiff, Virginia Huddleston, was indicted by the grand jury and was arrested on May 27, 2022 for 3rd degree felony theft including allegations that she improperly used credit cards of the Housing Authority and purchased flooring materials. These allegations were later proven to be false. It is understood and alleged that Defendant, John Wayne Hatcher, was involved in these proceedings, including the grand jury and presented

fabricated and/or unsubstantiated evidence which was the basis of the charge. The amount alleged taken totaled approximately $750.00. Throughout the criminal case Defendant, John Wayne Hatcher continuously harassed the Plaintiffs and their attorney including contacting Virginia Huddleston's attorney, Dennis Knizley and stalking the Plaintiffs at their home. The criminal charge against the Plaintiff was eventually "Nolle Prossed" or dropped the day of the criminal trial on September 9, 2024. It was determined that the allegations against the Plaintiff had no basis in fact and could not be proved at trial and therefore Circuit Judge Michael Youngpeter granted the dismissal.

23.    By April of 2025 or seven months after the dismissal of the charge against Plaintiff, Virginia Huddleston, the items seized from Plaintiffs' home had still not been returned to the Plaintiffs by Defendants. The items the Plaintiffs contend were never returned included a cable battery charger, personal checkbooks, financial documents, a Bosch hammer drill, a Keurig coffee maker and a 35mm Minolta camera. Additionally, several of the items seized that were returned came back damaged beyond repair, including computer equipment, personal checkbooks, fan and power tools.

24.    The judge who handled the criminal charge questioned aspects of the initial raid of Plaintiffs' home and why a private citizen, John Wayne Hatcher, was present during the search. To date, the missing items have still not been returned to the Plaintiffs. It is believed that the lawsuit filed by the Housing Authority and subsequent invalid arrest of the Plaintiff, Virginia Huddleston, were conducted in an effort with malice to deny the Plaintiffs her/his retirement package(s) due pursuant to their employment contract(s).

<u>COUNT I</u>

<u>FALSE ARREST</u>

25.    Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

26.    On or about the 5th day of October 2020, Defendants did unlawfully search the Plaintiffs' home and seize personal property as part of that search where private board member,

John Wayne Hatcher, was present and involved with the seizure and inventory of property. As a result of this wrongful search the Plaintiff, Virginia Huddleston, was arrested on or about May 27, 2022 and the subsequent frivolous charge(s) were "Nolle Prossed" on September 9, 2024.

27.     As the proximate result of the Defendants having falsely imprisoned the Plaintiff, Plaintiff was caused to suffer the following injuries and damages: Plaintiff was caused extreme mental anguish, fear, anxiety and embarrassment, and the tarnishing of her employment record, as the arrest was published in the local news media. Plaintiff also suffered loss of use of her personal property, which still has not been returned.

28.     At all times, Defendants were acting under color of law, exercising the authority given to them by the Mobile County Sheriff's Office and their actions were taken with the appearance that they were authorized by the Mobile County Sheriff's Office.

29.     Defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law.

30.     Wherefore, Plaintiffs claim general and compensatory damages, damages sufficient in an amount to indemnify her/his for the losses suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

31.     Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiff under the laws of the State of Alabama and the U.S. Constitution.

32.     Plaintiffs therefore also claims punitive damages from the Defendants.

## COUNT II

### FALSE IMPRISONMENT

33.     Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

34.     On or about the 27th day of May, 2022, Defendants did unlawfully arrest and imprison the Plaintiff, Virginia Huddleston.

35.     As the proximate result of the Defendants having falsely imprisoned the Plaintiff,

the Plaintiff was caused to suffer the following injuries and damage: Plaintiff suffered humiliation, embarrassment, damage to reputation, including her employment record, and reasonable legal fees in obtaining release from custody and the defense of the criminal charge.

36.    At all times, Defendants were acting under color of law, exercising the authority given to them by the Mobile County Sheriff's Office and their actions were taken with the appearance that they were authorized by the government.

37.    Defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law.

38.    Wherefore, Plaintiff claims general and compensatory damages, damages sufficient in an amount to indemnify Plaintiff for her losses she suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

39.    Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiff under the laws of the State of Alabama and the U.S. Constitution. Plaintiff, therefore, also claims punitive damages of the Defendants.

## COUNT III

### MALICIOUS PROSECUTION – STATE OF ALABAMA & SECTION 1983

40.    Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

41.    Defendants did initiate a judicial proceeding against Plaintiff to wit: by charging her with 3rd degree felony theft.

42.    Defendants lacked probable cause to initiate said proceeding and it was conducted with malice. Defendants knowingly initiated criminal proceedings against the Plaintiff without a reasonable basis, causing Plaintiff to suffer a deprivation of liberty.

43.    In initiating said proceeding against Plaintiff, Defendants acted with malice, in that the proceeding was retaliatory, unjust, unwarranted, and motivated by spite, including a financial

incentive to terminate Plaintiff's retirement benefits from the Housing Authority.

44. The action was terminated in Mobile County, Alabama Circuit Court in favor of Plaintiff upon the charge(s) being "Nolle Processed" on or about September 9, 2024. At all times, Defendants were acting under color of law, exercising the authority given to them by the Mobile County Sheriff's Office.

45. Defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law.

46. Wherefore, Plaintiff claims general and compensatory damages, damages sufficient in an amount to indemnify Plaintiff for her losses she suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

47. Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiff under the laws of the State of Alabama and the U.S. Constitution.

48. Plaintiff, therefore, also claims punitive damages of the Defendants.

**COUNT IV**

**VIOLATION OF CIVIL RIGHTS**

49. Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

50. On or about the 27th day of May, 2022, Defendants acting in their capacity as law enforcement with the Mobile County Sheriff's Office, unlawfully deprived Plaintiff of her legal and civil rights as guaranteed to her by the Constitution and Laws of the United States and of the State of Alabama.

51. Defendants' actions violated 42 U.S.C. Section 1983 and/or 42 U.S.C. Section 1985.

Plaintiffs were damaged and injured by Defendants and said conduct, policy, and/or custom and practice causing them to suffer emotional distress, mental anguish, and loss to reputation.

52.   At all times, Defendants were acting under the color of law, exercising the authority given to them by the Mobile County Sheriff's Office, and their actions were taken with the appearance that they were authorized by the government.

53.   Defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law.

54.   Wherefore, Plaintiffs claim general and compensatory damages, damages sufficient in an amount to indemnify them for the losses they suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

55.   Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiffs under the laws of the State of Alabama and the U.S. Constitution.

56.   Plaintiffs, therefore, also claims punitive damages of the Defendants.

### COUNT V

### VIOLATION OF CIVIL RIGHTS-SECTION 1983
### FOURTH AMENDMENT-FALSE ARREST

57.   Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

58.   Without any basis in law or fact, Plaintiff was taken into custody and charged with the crime of 3rd degree felony theft, in violation of her protection against unreasonable search and seizure under the Fourth Amendment of the U.S. Constitution. Defendants' actions toward Plaintiff constituted a false and unjustified arrest conducted with malice intent.

59.   As a result of Defendants' false accusations and misconduct, Plaintiff was required

to retain an attorney and defend herself against criminal charges.

60.    Plaintiff also alleges that Defendants were negligent, careless, and/or ignorant with regard to their duty to protect her from Fourth Amendment rights due to Defendants' inadequate training and/or supervision of its deputies, in that the deputy acting in a supervisory capacity at the time of Plaintiff's arrest, Paul Burch, and Jonathan Bush, were, some one of the individuals who perpetrated numerous violations of the Plaintiff's civil rights.

61.    That at all times, Defendants were acting under color of law, exercising the authority given to them by the government of the Mobile County Sheriff's Office, and their actions were taken with the appearance that they were authorized by the government.

62.    The Defendants' actions in the course of the false and unjust arrest of Plaintiff were reckless, negligent, incompetent, malicious, and/or intentional.

63.    The Defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law.

64.    The Plaintiffs claim general and compensatory damages, damages sufficient in an amount to indemnify her for the losses she suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

65.    That Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiff under the laws of the State of Alabama and the U.S. Constitution.

66.    Plaintiffs, therefore, also claim punitive damages of the Defendants.

## COUNT VI

### VIOLATION OF CIVIL RIGHTS-SECTION 1983
### FOURTH AMENDMENT-FALSE IMPRISONMENT
### FOURTH AMENDMENT-UNREASONABLE SEARCH AND SEIZURE

67.     Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

68.     As a result of Defendants' knowingly false accusations and misconduct, Plaintiff was incarcerated and had to defend herself through several years of litigation.

69.     As Defendants had no justification for arresting her, Plaintiff's injuries under this cause constitute a violation of her Fourth Amendment rights against unreasonable search and seizure, namely the seizure of her person and property.

70.     At all times, Defendants were acting under color of law, exercising the authority given to them by the government of the Mobile County Sheriff's Office, and their actions were taken with the appearance that they were authorized by the government.

71.     Plaintiffs alleges that Defendants were negligent, careless, and/or ignorant with regard to their duty to protect her Fourth Amendment rights due to Defendants' inadequate training and/or supervision of its deputies, in that the officers acting in a supervisory capacity at the time of Plaintiff's arrest were themselves, some of the individuals who perpetrated numerous violations of the Plaintiff's civil rights that day.

72.     Defendants' actions in the course of the false, unjust, unlawful, and retaliatory imprisonment of Plaintiff were reckless, negligent, incompetent, malicious, and/or intentional.

73.     The Defendants acted spitefully, willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law.

74.     Wherefore, Plaintiffs claim general and compensatory damages, damages sufficient

in an amount to indemnify her/him for the losses suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

75. That Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiffs under the laws of the State of Alabama and the U.S. Constitution.

76. Plaintiffs, therefore, also claim punitive damages of the Defendants.

**COUNT VII**

**VIOLATION OF CIVIL RIGHTS-SECTION 1983
FOURTH AMENDMENT-DEPRIVATION OF PROPERTY**

77. Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

78. In the course of Plaintiff's unlawful arrest and detention, she suffered injuries to her person and/or property resulting from the excessive force, search and seizure of property perpetrated by Defendants during the arrest. Plaintiff's property still has not been returned by the Defendants.

79. Defendants' conduct was unreasonable, negligent, intentional, wanton, malicious, reckless, retaliatory, and incompetent.

80. That at all times, Defendants were acting under color of law, exercising the authority given to them by the Mobile County Sheriff's Department and their actions were taken with the appearance that they were authorized by the government.

81. The Plaintiffs allege that Defendants were negligent, careless, and/or ignorant with regard to their duty to protect her/his Fourth Amendment rights due to Defendants' inadequate training and/or supervision of its deputies, in that the officers acting in a supervisory capacity at the time of Plaintiff's arrest were themselves, some of the individuals who perpetrated numerous

violations of the Plaintiff's civil rights that day.

82.     The Defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law.

83.     Wherefore, Plaintiffs claim general and compensatory damages, damages sufficient in an amount to indemnify them for the losses they suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

84.     Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiffs under the laws of the State of Alabama and the U.S. Constitution.

85.     Plaintiffs, therefore, also claim punitive damages of the Defendants.

## COUNT VIII

### VIOLATION OF CIVIL RIGHTS-SECTION 1983
### FOURTEENTH AMENDMENT-EQUAL PROTECTION

86.     Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

87.     Upon information and belief, Plaintiffs allege the following regarding their treatment under the law by Defendants. Plaintiffs allege that the search conducted on October 5, 2020, was done without sufficient probable cause and in violation of their civil rights. Defendants' actions were intentional, reckless, and/or in callous disregard for Plaintiffs' constitutional rights.

88.     Plaintiffs further allege that there was no reason or explanation for a private citizen and board member, Defendant John Wayne Hatcher, to be present during the search, with full knowledge and authorization by the Bayou La Batre Housing Authority.

89.     Plaintiffs further allege that Defendants failed to return personal property that was taken during the search after dismissal of her criminal charge.

90.     Plaintiffs allege that Defendants did conspire to arrest Plaintiff so as to forgo having to comply with her employment contract and the payment of her retirement package.

91.     Plaintiffs allege that Defendants were negligent, careless, and/or ignorant with regard to their duty to provide her with equal protection under the law due to Defendants inadequate training and/or supervision of its deputies, in that the officers acting in a supervisory capacity at the time of Plaintiff's arrest were themselves, some of the individuals who perpetrated numerous violations of the Plaintiff's civil rights that day.

92.     That at all times, Defendants were acting under color of law, exercising the authority given to them by the Mobile County Sheriff's Office, and their actions were taken with the appearance that they were authorized by the government.

93.     In light of the facts pleaded in Plaintiffs' complaint, Defendants Paul Burch, Jonathan Bush, as well as Defendant Mobile County Sheriff's Office, violated Plaintiffs' right to equal protection under the law as protected by the Fourteenth Amendment. Defendants' violation of Plaintiffs' right to equal protection, as outlined in this Complaint, was reckless, negligent, incompetent, spiteful, malicious, and/or intentional.

94.     The Defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law.

95.     Wherefore, Plaintiffs claim general and compensatory damages, damages sufficient in an amount to indemnify her/him for the losses they suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

96.     The Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiffs under the laws of the State of Alabama and the U.S. Constitution.

97.    Plaintiffs, therefore, also claim punitive damages of the Defendants.

## COUNT IX

### VIOLATION OF CIVIL RIGHTS-SECTION 1985
### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

98.    Plaintiffs adopt and reallege each and every provision of this Complaint as if fully set out herein.

99.    In their arrest and imprisonment of Plaintiff, Defendants conspired for the purposes of impeding, hindering, obstructing, or defeating, the due course of justice in the State of Alabama, with intent to deny Plaintiff the equal protection of the law, or to injure her/him or her/his property for lawfully exercising, or attempting to exercise their right to free speech and to equal protection under the law, Namely, Defendants conspired to violate, and did violate, Plaintiffs' civil rights as protected under the First, Fourth, and Fourteenth Amendments of the U.S. Constitution.

100.    That at all times, Defendants were acting under color of law, exercising the authority given to them by the Mobile County Sherriff's Office, and their actions were taken with the appearance that they were authorized by the government.

101.    The Plaintiffs allege that Defendants were negligent, careless, and/or ignorant with regard to their duty to protect her civil rights due to Defendants' inadequate training and/or supervision of its deputies, in that the officers acting in a supervisory capacity at the time of Plaintiff's arrest were themselves, some of the individuals who perpetrated numerous violations of the Plaintiff's civil rights.

102.    Defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their

authority, and/or under a mistaken interpretation of the law.

103.   Wherefore, Plaintiffs claim general and compensatory damages, damages sufficient in an amount to indemnify them for the losses they suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

104.   The Defendants knew, or reasonably should have known, that their actions were in violation of the civil rights of Plaintiff under the laws of the state of Alabama and the U.S. Constitution.

105.   Plaintiffs, therefore, also claim punitive damages of the Defendants.

## COUNT X

## CONVERSION

106.   Plaintiffs adopt and reallege each and every provision of the Complaint as if fully set out herein.

107.   Plaintiffs did own, possess, or had the immediate right to possess certain personal property described as a cable battery charger, personal checkbooks, financial documents, a Bosch hammer drill, a Keurig coffee maker and a 35mm Minolta camera, computer equipment, personal checkbooks, fan and power tools, as well as other personal items that were seized during the search of their home on October 5, 2020.

108.   On said date, the Mobile County Sheriff's Office initiated a search warrant at the Plaintiffs' home where Defendant, Paul Burch, was present along with new board member and Defendant, John Wayne Hatcher, who was a private citizen.

109.   Defendants wrongfully took, assumed control over, retained or otherwise exercised dominion over the Plaintiffs' personal property. Defendants control over the property was without Plaintiffs' consent, authorization, or legal justification.

110.    The criminal charge against the Plaintiff, Virginia Huddleston was eventually "Nolle Prossed" or dropped the day of the criminal trial on September 9, 2024. It was determined that the allegations against the Plaintiff had no basis in fact and could not be proved at trial and therefore Circuit Judge Michael Youngpeter granted the dismissal.

111.    By April of 2025 or seven months after the dismissal of the charge against Plaintiff, Virginia Huddleston, the items seized from Plaintiffs' home had still not been returned to the Plaintiffs by Defendants. The judge who handled the criminal charge questioned aspects of the initial raid of Plaintiffs' home and why a private citizen, John Wayne Hatcher, was present during the search. To date, the missing items have still not been returned to the Plaintiffs.

112.    The Plaintiffs have demanded return of the personal property multiple times, but Defendants have refused and do continue to refuse to return the property to Plaintiffs. Defendants' actions deprived Plaintiffs of the use, possession, and value of the said property and as a direct result of Defendants' conduct, Plaintiffs suffered damages including the loss of use of the property, diminution in value of the property, and other consequential damages.

113.    Defendants' conduct constitutes conversion under Alabama law and the Plaintiffs have suffered actual damages as a result of the conversion. Defendants' conduct was willful, malicious, or in reckless disregard of Plaintiffs' rights, justifying an award of punitive damages.

114.    Wherefore, Plaintiffs claim general and compensatory damages, damages sufficient in an amount to indemnify her/him for the losses suffered, as well as interest, court costs, and attorney fees as deemed just and proper by the court.

## COUNT XI

### FICTITIOUS PARTIES

115.    Plaintiffs adopt and realleges each and every provision of the Complaint as if fully set out herein.

116.    Fictitious party 1, whether singular or plural, Plaintiffs hereby intending to

designate the deputy or deputies who were involved in the search of Plaintiffs' home on the occasion made the basis of this lawsuit and who's negligent, wanton and/or wrongful conduct caused the injuries suffered by the Plaintiffs.

117. Fictitious party 2, whether singular or plural, Plaintiffs hereby intending to designate the supervisor of any deputies who were involved in the search of Plaintiffs' home on the occasion of the incident made the basis of this lawsuit.

118. Fictitious party 3, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities who or which insured Defendants under a policy of liability insurance and/or coverage.

119. Fictitious party 4, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities who or which were the master or principal of the employees of the Mobile County Sheriff's Office involved in the search of Plaintiffs' home and the seizure of personal property on the occasion made the basis of this lawsuit.

120. Fictitious party 5, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities who or which had supervisory authority relating to the deputies involved in the search of Plaintiffs' home and her subsequent arrest involved in the occurrence made the basis of this lawsuit.

121. Fictitious party 6, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities who were the master or principal of the board members of the Bayou La Batre Housing Authority involved in the allegations made against Plaintiffs which resulted in the baseless charges being filed against Plaintiff, Virginia Huddleston, as well as any other board members on the occasion made the basis of this lawsuit.

122. Fictitious party 7, whether singular or plural, Plaintiffs hereby intending to designate that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above.

123.   WHEREFORE, the above premises considered, Plaintiffs request judgment against Defendants, each and every one of them, jointly and severally, for the following:

a.   General and compensatory damages according to proof;

b.   Damages for medical and/or property expenses according to proof;

c.   Punitive damages;

d.   Prejudgment and post judgment interest according to law;

e.   Cost of this action;

f.   Attorney's fees; and

g.   Such other and further relief as the court deems just and proper.

/s/ John G. Scherf, IV
JOHN G. SCHERF, IV (SCH049)
Alabama State Bar ID: (9610C54J)
Attorney for Plaintiffs

**JURY DEMAND**

Plaintiff hereby demands a trial by jury in this action.

**OF COUNSEL:**

SCHERF LAW FIRM, LLC.
P.O. Box 1067
Andalusia, Alabama 36420
Phone: (334) 208-7857
E-mail: scherflawfirm@gmail.com

**PLAINTIFFS' ADDRESS:**

VIRGINIA HUDDLESTON
DARRYL WILSON
3480 Semmes Woods Drive
Semmes, Alabama 36575

## SERVE DEFENDANTS AS FOLLOWS:

PAUL BURCH (Sheriff)
5701 Riverwood Landing S.
Theodore, Alabama 36582

JONATHAN BUSH (Deputy)
5804 Twin Branch Drive E.
Satsuma, Alabama 36572

MOBILE COUNTY SHERIFF'S OFFICE
510 S. Royal Street
Mobile, Alabama 36601

CITY OF BAYOU LA BATRE
13785 South Wintzell Avenue
Bayou La Batre, Alabama 36509

TERRY DOWNEY (Former Mayor)
13800 E. Davenport Street
Bayou La Batre, Alabama 36509

JOHN WAYNE HATCHER (Board Member)
Bayou La Batre Housing Authority
6560 Hayfield Road
Theodore, Alabama 36582

MICHAEL BURDINE (Board Member)
Bayou La Batre Housing Authority
8008 Oak Bend Drive
Theodore, Alabama 36582

DEBRA JONES (Board Member)
Bayou La Batre Housing Authority
8280 Meadow Lane S.
Irvington, Alabama 36544

STEPHANIE GODSEY (Board Member)
Bayou La Batre Housing Authority
13321 Center Avenue
Bayou La Batre, Alabama 36509

BAYOU LA BATRE HOUSING AUTHORITY
12131 Safe Harbor Circle E.
Irvington, Alabama 36544

Revised 4-1-99; 11-1-99; 11-3-05

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| _____ | * | |
| _____ | * | |
| **Plaintiff,** | * | |
| | * | CIVIL ACTION NO. _____ |
| vs. | * | |
| | * | |
| _____ | * | |
| | * | |
| _____ | * | |
| **Defendant.** | * | |

### GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

**1.    EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE GENERALLY**

a.    Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.    Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.    Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

**2.    DOCTOR, HOSPITAL AND MEDICAL EXPENSES**

a.    If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.    Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.    The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.    **<u>SPECIAL DAMAGES</u>**

    a.    All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial.   Written objections thereto may be made not less than 14 days before trial specifying grounds of objections.

    b.    Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice require so.

4.    **<u>AGENCY-TIME AND PLACE-DUTY</u>**

    a.    Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial.   The objections shall include the correct name and entity and/or the grounds relied on.

5.    **<u>EXPERTS</u>**

    a.    Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions.   Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion.   Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

    b.    Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

    c.    Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such expert will be admitted.

    d.    Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.    **<u>DISCOVERY</u>**

    Discovery shall be completed 30 days prior to the trial date.   On written motion for good cause shown, the court may allow discovery within this 30-day period.

7.    **<u>JURY INSTRUCTIONS</u>**

    If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated.   Each requested charge will be typed on letter size paper and identified by the party's last name and shall be numbered.

8.    **<u>JURY SELECTION</u>**

    Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

## 9.  DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

## 10.  MOTIONS GENERALLY

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

## 11.  CONFLICTS

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____

_____
Presiding Judge, S. Wesley Pipes



**AlaFile E-Notice**

02-CV-2026-901367.00

To: MOBILE COUNTY SHERIFF'S OFFICE
510 S. ROYAL STREET
MOBILE, AL, 36601

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

VIRGINIA HUDDLESTON ET AL V. PAUL BURCH ET AL
02-CV-2026-901367.00

The following complaint was FILED on 5/12/2026 12:46:54 PM

Notice Date:     5/12/2026 12:46:54 PM

Service by sheriff in 02 - MOBILE County

ASHLEIGH LONG
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET   9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420



## Mobile County Sheriff's Office

**CV  2026  901367. 00**

**VIRGINIA HUDDLESTON ET AL VS PAUL BURCH ET AL**

**COMPLAINT-SUMMONS**

**MOBILE COUNTY SHERIFF'S OFFICE (D003)**

**510 S. ROYAL STREET MOBILE, AL 36601**

Due By:

Date Served:    05/13/2026

Service Attempt:

Action:  ☐ Service Attempt    ☒ Paper Served    ☐ Drop Deputized    ☐ Executed    ☐ Executed W/O Personal Service

No Contact:  ☐ Left Card    ☐ Other (see notes)

Not Found:  ☐ Moved - New Residence    ☐ Moved - Unknown Location    ☐ Deceased    ☐ Vacant Residence / Lot

☐ Not Employed    ☐ NIT (Not in Territory)    ☐ RWA (Recalled W/O Action)    ☐ CTO (Come to Office)

☐ Other (see notes)    ☐ No Property Found    ☐ Address Does Not Exist

☐ Subject Unknown at this Address    ☐ Not Found After Diligent Search

☐ Not Found-Too Late For Service    ☐ Not Found-Deputy Not Allowed on Property

Served To:    MACKENZIE DAVIS, PARALEGAL          Location Served:  ☒ Listed    ☐ Other

Deputized Person:                    Location:

Notes:

☐ Avoiding Service    ☐ Deputized Person    ☐ Posted on Property    ☐ Refused Service

I certify that I personally delivered to <u>MOBILE COUNTY SHERIFF'S OFFICE</u> on <u>05/13/2026</u> by service on <u>MACKENZIE DAVIS, PARALEGAL</u>

By: _____    D.S.  Copy mailed to defendant on  _____

SPIVEY, JOHN T                    Date Received:    05/13/2026

MCSO Civil Division
510 S. Royal St.
Mobile, AL 36603
(251) 574-2423                    Exporter



## Mobile County Sheriff's Office

# CV 2026 901367. 00

# VIRGINIA HUDDLESTON ET AL VS PAUL BURCH ET AL

# COMPLAINT-SUMMONS

# CITY OF BAYOU LA BATRE (D004)

# 13785 SOUTH WINTZELL AVE. BAYOU LA BATRE, AL 36509

Due By:

Date Served:    05/13/2026

Service Attempt:

Action:    ☐ Service Attempt    ☒ Paper Served    ☐ Drop Deputized    ☐ Executed    ☐ Executed W/O Personal Service

No Contact:    ☐ Left Card    ☐ Other (see notes)

Not Found:    ☐ Moved - New Residence    ☐ Moved - Unknown Location    ☐ Deceased    ☐ Vacant Residence / Lot

☐ Not Employed    ☐ NIT (Not in Territory)    ☐ RWA (Recalled W/O Action)    ☐ CTO (Come to Office)

☐ Other (see notes)    ☐ No Property Found    ☐ Address Does Not Exist

☐ Subject Unknown at this Address    ☐ Not Found After Diligent Search

☐ Not Found-Too Late For Service    ☐ Not Found-Deputy Not Allowed on Property

Served To:    MARSHA BARNES (ADMINISTRATOR)    Location Served:    ☒ Listed    ☐ Other

Deputized Person:    Location:

Notes:

☐ Avoiding Service    ☐ Deputized Person    ☐ Posted on Property    ☐ Refused Service

I certify that I personally delivered to <u>CITY OF BAYOU LA BATRE</u> on <u>05/13/2026</u> by service on <u>MARSHA BARNES (ADMINISTRATOR)</u>

By: _____    D.S.  Copy mailed to defendant on _____

BURGESS, JOSEPH WILSON    Date Received:    <u>05/13/2026</u>

MCSO Civil Division
510 S. Royal St.
Mobile, AL 36603
(251) 574-2423

Exporter



## Mobile County Sheriff's Office

## CV  2026  901367. 00

## VIRGINIA HUDDLESTON ET AL VS PAUL BURCH ET AL

## COMPLAINT-SUMMONS

## BURCH, PAUL  (D001)

## 5701 RIVERWOOD LANDING S. THEODORE, AL 36582

Due By:

Date Served:    05/13/2026

Service Attempt:

Action:    ☐ Service Attempt    ☒ Paper Served    ☐ Drop Deputized    ☐ Executed    ☐ Executed W/O Personal Service

No Contact:    ☐ Left Card    ☐ Other (see notes)

Not Found:    ☐ Moved - New Residence    ☐ Moved - Unknown Location    ☐ Deceased    ☐ Vacant Residence / Lot

☐ Not Employed    ☐ NIT (Not in Territory)    ☐ RWA (Recalled W/O Action)    ☐ CTO (Come to Office)

☐ Other (see notes)    ☐ No Property Found    ☐ Address Does Not Exist

☐ Subject Unknown at this Address    ☐ Not Found After Diligent Search

☐ Not Found-Too Late For Service    ☐ Not Found-Deputy Not Allowed on Property

Served To:    MACKENZIE DAVIS, PARALEGAL                    Location Served:    ☒ Listed    ☐ Other

Deputized Person:                                          Location:

Notes:

☐ Avoiding Service    ☐ Deputized Person    ☐ Posted on Property    ☐ Refused Service

I certify that I personally delivered to <u>BURCH PAUL</u> on <u>05/13/2026</u> by service on <u>MACKENZIE DAVIS, PARALEGAL</u>

By: _____    D.S.  Copy mailed to defendant on  _____

SPIVEY, JOHN T                               Date Received:    05/13/2026

MCSO Civil Division
510 S. Royal St.
Mobile, AL 36603
(251) 574-2423

Exporter



## Mobile County Sheriff's Office

## CV  2026  901367. 00

## VIRGINIA HUDDLESTON ET AL VS PAUL BURCH ET AL

## COMPLAINT-SUMMONS

## BURDINE, MICHAEL  (D007)

## 8008 OAK BEND DRIVE THEODORE, AL 36582

Due By:

Date Served:    05/14/2026

Service Attempt:

Action:    ☐ Service Attempt    ☒ Paper Served    ☐ Drop Deputized    ☐ Executed    ☐ Executed W/O Personal Service

No Contact:    ☐ Left Card    ☐ Other (see notes)

Not Found:    ☐ Moved - New Residence    ☐ Moved - Unknown Location    ☐ Deceased    ☐ Vacant Residence / Lot

☐ Not Employed    ☐ NIT (Not in Territory)    ☐ RWA (Recalled W/O Action)    ☐ CTO (Come to Office)

☐ Other (see notes)    ☐ No Property Found    ☐ Address Does Not Exist

☐ Subject Unknown at this Address    ☐ Not Found After Diligent Search

☐ Not Found-Too Late For Service    ☐ Not Found-Deputy Not Allowed on Property

Served To:    BURDINE, MICHAEL                      Location Served:    ☒ Listed    ☐ Other

Deputized Person:                                  Location:

Notes:

05/14/2026 09:36 - SERVED.

☐ Avoiding Service    ☐ Deputized Person    ☐ Posted on Property    ☐ Refused Service

I certify that I personally delivered to  BURDINE MICHAEL  on 05/14/2026

By:  _____    D.S.  Copy mailed to defendant on  _____

CLAW, KYM K                              Date Received:    05/13/2026

MCSO Civil Division
510 S. Royal St.
Mobile, AL 36603
(251) 574-2423                    Exporter



## Mobile County Sheriff's Office

## CV 2026 901367. 00

## VIRGINIA HUDDLESTON ET AL VS PAUL BURCH ET AL

## COMPLAINT-SUMMONS

## HATCHER, JOHN WAYNE (D006)

## 6560 HAYFIELD ROAD THEODORE, AL 36582

Due By:

Date Served:

Service Attempt:    05/22/2026

Action:    [X] Service Attempt    [ ] Paper Served    [ ] Drop Deputized    [ ] Executed    [ ] Executed W/O Personal Service

No Contact:    [ ] Left Card    [ ] Other (see notes)

Not Found:    [ ] Moved - New Residence    [ ] Moved - Unknown Location    [ ] Deceased    [ ] Vacant Residence / Lot

[ ] Not Employed    [ ] NIT (Not in Territory)    [ ] RWA (Recalled W/O Action)    [ ] CTO (Come to Office)

[X] Other (see notes)    [ ] No Property Found    [ ] Address Does Not Exist

[ ] Subject Unknown at this Address    [ ] Not Found After Diligent Search

[ ] Not Found-Too Late For Service    [ ] Not Found-Deputy Not Allowed on Property

Served To:      Location Served:    [ ] Listed    [ ] Other

Deputized Person:      Location:

Notes:

05/22/2026 08:57 - 4TH ATTEMPT, NO ANSWER, NO RESPONSE.
05/21/2026 09:07 - 3RD ATTEMPT, JOHN HATCHER WILL CALL AND ARRANGE A PICK UP TIME.
05/19/2026 12:48 - 2ND ATTEMPT, NO ANSWER, 2ND CARD LEFT ON THE DOOR.
05/14/2026 12:16 - 1ST ATTEMPT, NO ANSWER, 1ST CARD LEFT ON THE DOOR.

[ ] Avoiding Service    [ ] Deputized Person    [ ] Posted on Property    [ ] Refused Service

RETURNED 05/27/2026
Not Found in My County After Diligent Search and inquiry.

By: _____      D.S. Copy mailed to defendant on _____

CLAW, KYM K      Date Received:    05/13/2026

MCSO Civil Division
510 S. Royal St.
Mobile, AL 36603
(251) 574-2423

Exporter




## Mobile County Sheriff's Office

**CV  2026  901367. 00**

**VIRGINIA HUDDLESTON ET AL VS PAUL BURCH ET AL**

**COMPLAINT-SUMMONS**

**GODSEY, STEPHANIE  (D009)**

**13321 CENTER AVENUE BAYOU LA BATRE, AL 36509**

Due By:

Date Served:    05/26/2026

Service Attempt:

Action:    ☐ Service Attempt    ☒ Paper Served    ☐ Drop Deputized    ☐ Executed    ☐ Executed W/O Personal Service

No Contact:    ☐ Left Card    ☐ Other (see notes)

Not Found:    ☐ Moved - New Residence    ☐ Moved - Unknown Location    ☐ Deceased    ☐ Vacant Residence / Lot

☐ Not Employed    ☐ NIT (Not in Territory)    ☐ RWA (Recalled W/O Action)    ☐ CTO (Come to Office)

☐ Other (see notes)    ☐ No Property Found    ☐ Address Does Not Exist

☐ Subject Unknown at this Address    ☐ Not Found After Diligent Search

☐ Not Found-Too Late For Service    ☐ Not Found-Deputy Not Allowed on Property

Served To:    GODSEY, STEPHANIE          Location Served:    ☒ Listed    ☐ Other

Deputized Person:          Location:

Notes:

☐ Avoiding Service    ☐ Deputized Person    ☐ Posted on Property    ☐ Refused Service

I certify that I personally delivered to <u>GODSEY STEPHANIE</u> on <u>05/26/2026</u>

By: _____          D.S.  Copy mailed to defendant on  _____

BURGESS, JOSEPH WILSON          Date Received:    <u>05/13/2026</u>

MCSO Civil Division
510 S. Royal St.
Mobile, AL 36603
(251) 574-2423

Exporter

## Mobile County Sheriff's Office

## CV 2026 901367. 00

## VIRGINIA HUDDLESTON ET AL VS PAUL BURCH ET AL

## COMPLAINT-SUMMONS

## BUSH, JONATHAN  (D002)

## 5804 TWIN BRANCH DRIVE E. SATSUMA, AL 36572

Due By:

Date Served:

Service Attempt:    05/26/2026

Action:    [X] Service Attempt    [ ] Paper Served    [ ] Drop Deputized    [ ] Executed    [ ] Executed W/O Personal Service

No Contact:    [ ] Left Card    [ ] Other (see notes)

Not Found:    [ ] Moved - New Residence    [ ] Moved - Unknown Location    [ ] Deceased    [ ] Vacant Residence / Lot

[ ] Not Employed    [ ] NIT (Not in Territory)    [ ] RWA (Recalled W/O Action)    [ ] CTO (Come to Office)

[ ] Other (see notes)    [ ] No Property Found    [ ] Address Does Not Exist

[ ] Subject Unknown at this Address    [X] Not Found After Diligent Search

[ ] Not Found-Too Late For Service    [ ] Not Found-Deputy Not Allowed on Property

Served To:    Location Served:    [ ] Listed    [ ] Other

Deputized Person:    Location:

Notes:

05/26/2026 10:59 - THIRD ATTEMPT NO CONTACT
05/22/2026 09:19 - SECOND ATTEMPT LEFT CARD
05/19/2026 15:12 - FIRST ATTEMPT LEFT CARD

[ ] Avoiding Service    [ ] Deputized Person    [ ] Posted on Property    [ ] Refused Service

RETURNED 05/29/2026
Not Found in My County After Diligent Search and inquiry.

By: _____    D.S.  Copy mailed to defendant on  _____

WADE, MONA FAYE    Date Received:    05/13/2026

MCSO Civil Division
510 S. Royal St.
Mobile, AL 36603
(251) 574-2423

Exporter

## Mobile County Sheriff's Office

# CV  2026  901367. 00

# VIRGINIA HUDDLESTON ET AL VS PAUL BURCH ET AL

# COMPLAINT-SUMMONS

# BAYOU LA BATRE HOUSING AUTHORITY (D010)

# 12131 SAFE HARBOR CIR. E. IRVINGTON, AL 36544

Due By:

Date Served:

Service Attempt:    05/27/2026

Action:    [X] Service Attempt    [ ] Paper Served    [ ] Drop Deputized    [ ] Executed    [ ] Executed W/O Personal Service

No Contact:    [ ] Left Card    [ ] Other (see notes)

Not Found:    [ ] Moved - New Residence    [ ] Moved - Unknown Location    [ ] Deceased    [ ] Vacant Residence / Lot

[ ] Not Employed    [ ] NIT (Not in Territory)    [ ] RWA (Recalled W/O Action)    [ ] CTO (Come to Office)

[X] Other (see notes)    [ ] No Property Found    [ ] Address Does Not Exist

[ ] Subject Unknown at this Address    [ ] Not Found After Diligent Search

[ ] Not Found-Too Late For Service    [ ] Not Found-Deputy Not Allowed on Property

Served To:    Location Served:    [ ] Listed    [ ] Other

Deputized Person:    Location:

Notes:

05/27/2026 12:02 - 2ND ATTEMPT, BOTH TIMES THEY HAVE REFUSED SERVICE
05/13/2026 15:20 - 1ST ATTEMPT LDH

[ ] Avoiding Service    [ ] Deputized Person    [ ] Posted on Property    [ ] Refused Service

RETURNED 05/29/2026
Not Found in My County After Diligent Search and inquiry.

By: _____    D.S.  Copy mailed to defendant on _____

BURGESS, JOSEPH WILSON    Date Received:    05/13/2026

MCSO Civil Division
510 S. Royal St.
Mobile, AL 36603
(251) 574-2423                        Exporter



# Mobile County Sheriff's Office

## CV 2026 901367. 00

## VIRGINIA HUDDLESTON ET AL VS PAUL BURCH ET AL

## COMPLAINT-SUMMONS

## DOWNEY, TERRY  (D005)

## 13800 E. DAVENPORT STREET BAYOU LA BATRE, AL 36509

Due By:

Date Served:

Service Attempt:    05/26/2026

Action:  [X] Service Attempt    [ ] Paper Served    [ ] Drop Deputized    [ ] Executed    [ ] Executed W/O Personal Service

No Contact:  [ ] Left Card    [ ] Other (see notes)

Not Found:  [ ] Moved - New Residence    [ ] Moved - Unknown Location    [ ] Deceased    [ ] Vacant Residence / Lot

[ ] Not Employed    [ ] NIT (Not in Territory)    [ ] RWA (Recalled W/O Action)    [ ] CTO (Come to Office)

[X] Other (see notes)    [ ] No Property Found    [ ] Address Does Not Exist

[ ] Subject Unknown at this Address    [ ] Not Found After Diligent Search

[ ] Not Found-Too Late For Service    [ ] Not Found-Deputy Not Allowed on Property

Served To:                                                  Location Served:    [ ] Listed    [ ] Other

Deputized Person:                                          Location:

Notes:

05/26/2026 12:24 - LOCKED GATE

[ ] Avoiding Service    [ ] Deputized Person    [ ] Posted on Property    [ ] Refused Service

RETURNED 05/29/2026
Not Found in My County After Diligent Search and inquiry.

By: _____        D.S.  Copy mailed to defendant on _____

BURGESS, JOSEPH WILSON           Date Received:    05/13/2026

MCSO Civil Division
510 S. Royal St.
Mobile, AL 36603
(251) 574-2423                          Exporter



## Mobile County Sheriff's Office

**CV  2026  901367. 00**

**VIRGINIA HUDDLESTON ET AL VS PAUL BURCH ET AL**

**COMPLAINT-SUMMONS**

**JONES, DEBRA  (D008)**

**8280 MEADOW LANE SOUTH IRVINGTON, AL 36544**

Due By:

Date Served:    06/02/2026

Service Attempt:

Action:  ☐ Service Attempt    ☒ Paper Served    ☐ Drop Deputized    ☐ Executed    ☐ Executed W/O Personal Service

No Contact:  ☐ Left Card    ☐ Other (see notes)

Not Found:  ☐ Moved - New Residence    ☐ Moved - Unknown Location    ☐ Deceased    ☐ Vacant Residence / Lot

☐ Not Employed    ☐ NIT (Not in Territory)    ☐ RWA (Recalled W/O Action)    ☐ CTO (Come to Office)

☐ Other (see notes)    ☐ No Property Found    ☐ Address Does Not Exist

☐ Subject Unknown at this Address    ☐ Not Found After Diligent Search

☐ Not Found-Too Late For Service    ☐ Not Found-Deputy Not Allowed on Property

Served To:    JONES, DEBRA                              Location Served:  ☒ Listed    ☐ Other

Deputized Person:                                        Location:

Notes:

☐ Avoiding Service    ☐ Deputized Person    ☐ Posted on Property    ☐ Refused Service

I certify that I personally delivered to  JONES DEBRA  on  06/02/2026

By: _____    D.S.  Copy mailed to defendant on  _____

BURGESS, JOSEPH WILSON                    Date Received:    05/13/2026

MCSO Civil Division
510 S. Royal St.
Mobile, AL 36603
(251) 574-2423                              Exporter

**Paul Carbo**

| | |
|---|---|
| **From:** | Kirby Howard <dkhoward@starneslaw.com> |
| **Sent:** | Wednesday, June 10, 2026 11:45 AM |
| **To:** | Paul Carbo |
| **Cc:** | Marcie Wood; John Hemmings |
| **Subject:** | RE: Huddleston v. BLBHA et al |

**EXHIBIT**
**C**

Paul, we consent to Removal on behalf of our clients.

-Kirby



Kirby Howard - Attorney
RSA - Battle House Tower 11 North Water Street, Suite 20290
Mobile, Alabama 36602
(251) 445-4713 - Fax: (205) 891-8638
www.starneslaw.com

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information and/or protected health information (PHI) intended solely for the use of the recipients named above. If you are the intended recipient, please be aware that forwarding this message to others may result in a waiver of these privileges. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by telephone at (205) 868-6000 and permanently delete this email and any attachments, including all copies and backups thereof. Thank you.

**Paul Carbo**

| | |
|---|---|
| **From:** | Mark L. Redditt <mredditt@MaynardNexsen.com> |
| **Sent:** | Sunday, June 7, 2026 1:44 AM |
| **To:** | Paul Carbo |
| **Subject:** | Re: Huddleston v Burch et al |

Paul: I have confirmed that we will be representing Bayou La Batre and the former mayor. You have our consent to remove this case to federal court. I'll give you a call upon my return on 6/15. I look forward to working with you, Mark

Mark L. Redditt
Shareholder | Business Litigation
P: (251) 405-8655 | C: (251) 404-9700
mredditt@MaynardNexsen.com | vCard

11 North Water Street
RSA Battle House Tower, Suite 24290
Mobile, AL 36602

