**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **VIRGINA HUDDLESTON & DARRYL WILSON,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**PAUL BURCH, et al.,**<br><br>**Defendants.** | **CASE NO. CV- 1:26-cv-00212** |
| **BAYOU LA BATRE HOUSING AUTHORITY, PAUL BURCH, JOHN WAYNE HATCHER, MICHAEL BURDINE, DEBRA JONES, and STEPHANIE GODSEY**<br><br>**Counterclaim Plaintiffs**<br><br>**v.**<br><br>**VIRGINA HUDDLESTON & DARRYL WILSON.**<br><br>**Counterclaim Defendants** | |

**COUNTERCLAIM**

COME NOW, the Defendant/Counterclaim Plaintiff Defendants, Bayou La Batre Housing Authority and Paul Burch, John Wayne Hatcher, Michael Burdine, Debra Jones, Stephanie Godsey in their individual and official capacities as board members of the Bayou La Batre Housing Authority (collectively "Counterclaim Plaintiffs"), and in accordance with Rule 13 of the *Federal Rules of Civil Procedure* and the Alabama Litigation Accountability Act (ALA. CODE § 12-19-270 et seq.) files the following Counterclaim

against Plaintiffs/Counterclaim Defendants Virginia Huddleston and Darryl Wilson ("Counterclaim Defendants") as follows:

**PARTIES**

1. Counterclaim Plaintiff the Bayou La Batre Housing Authority ("BLBHA") is an Alabama non-profit corporation. The BLBHA is a public housing authority in Bayou La Batre, Alabama that provides affordable housing to low and moderate-income families.

2. Counterclaim Plaintiff Paul Burch is over the age of nineteen and is a citizen of Alabama. Counterclaim Plaintiff Paul Burch brings this counterclaim in his official capacity as a member of the BLBHA Board. Counterclaim Plaintiff Paul Burch does not bring this counterclaim in his capacity as a law enforcement officer for the Mobile County Sheriff's Office.

3. Counterclaim Plaintiff John Wayne Hatcher is over the age of nineteen and is a citizen of Alabama. Counterclaim Plaintiff John Wayne Hatcher brings this counterclaim in his official capacity as a member of the BLBHA Board.

4. Counterclaim Plaintiff Michael Burdine is over the age of nineteen and is a citizen of Alabama. Counterclaim Plaintiff Michael Burdine brings this counterclaim in his official capacity as a member of the BLBHA Board.

5. Counterclaim Plaintiff Debra Jones is over the age of nineteen and is a citizen of Alabama. Counterclaim Plaintiff Debra Jones brings this counterclaim in his official capacity as a member of the BLBHA Board.

6. Counterclaim Plaintiff Stephanie Godsey is over the age of nineteen and is a citizen of Alabama. Counterclaim Plaintiff Stephanie Godsey brings this counterclaim in his official capacity as a member of the BLBHA Board.

7. Counterclaim Defendant Virginia Huddleston is over the age of nineteen and is a citizen of the state of Alabama.

8. Counterclaim Defendant Darryl Wilson is over the age of nineteen and is a citizen of the state of Alabama.

## JURISDICTION

9. This Court has supplemental jurisdiction over this matter as the counterclaim arises from the same case or controversy as Plaintiff's claims which are properly before this Court.

10. Venue is proper in this Court as this counterclaim arises from the same transaction or occurrence that is the subject matter of Counterclaim Defendants' claim against Counterclaim Plaintiffs, which is currently pending before this Court.

## FACTS

11. Counterclaim Defendants filed suit on May 12, 2026, asserting claims for False Arrest, False Imprisonment, Malicious Prosecution, Violation of Civil Rights, Violation of Civil Rights – False Arrest, Violation of Civil Rights – False Imprisonment, Violation of Civil Rights, Deprivation of Property, Violation of Civil Rights – Equal Protection, Violation of Civil Rights – Conspiracy to Interfere with Civil Rights, and Conversion. (Doc. 1, Ex. A)

12. In the Complaint, Counterclaim Defendants alleged that Counterclaim Plaintiffs falsely arrested and imprisoned her, maliciously prosecuted her, and violated her civil rights. *Id.*

13. Counterclaim Plaintiffs retained undersigned counsel to represent them in this dispute.

14. On June 8, 2026, Counterclaim Plaintiffs informed Counterclaim Defendants that their newly filed Complaint was groundless in law and interposed for an improper and vexatious purpose. Counterclaim Plaintiffs respectfully requested the claims be dismissed, or Counterclaim Plaintiffs would be forced to file a Counterclaim pursuant to the Alabama Litigation Accountability Act. ("ALAA").

15. No response was received from Counterclaim Defendants.

## RELEVANT BACKGROUND

16. Prior to this suit being filed, the BLBHA initiated a suit against Huddleston and Wilson regarding acts and omissions that occurred during and after their employment. *Bayou La Batre Housing Authority v. Virginia Huddleston, Darryl Wilson, et. al*, 02-cv-2020-902475 Circuit Court of Mobile County, Alabama.[1]

17. This suit was filed nearly six years ago, in 2020.

18. On September 29, 2022, Huddleston and Wilson filed an answer, an amended counterclaim, and a third-party complaint against the BLBHA, Stephanie Godsey, Debra

[1] Counterclaim Defendants are represented by the same counsel they are presently represented by in this matter.

Jones, Paul Burch, Michael Brudine, and John Hatcher, among others. (Doc. 10-4, PageID# 359-364).

19. On November 10, 2022, Huddleston and Wilson filed a third amended counterclaim and third-party complaint. (Doc. 10-5, PageID# 365-375).

20. A fourth amended counterclaim and third-party complaint was filed on December 7, 2022. (Doc. 10-6, PageID# 376-445). The claims asserted in the counterclaim and third-party complaint are substantially similar to the ones Huddleston and Wilson now assert in this matter. Additionally, the issues and parties involved in this prior suit are identical to the ones Huddleston and Wilson now assert. (Doc. 10-7, PageID# 446-447).

21. In response to the multiple counterclaims and third-party complaints, the BLBHA and the Board Members filed Motions to Dismiss.

22. The various counterclaims and third-party complaints were dismissed on February 14, 2023.

## COUNT I – VIOLATION OF THE ALABAMA LITIGATION ACCOUNTABILITY ACT

23. Counterclaim Defendants incorporate by reference as if fully set forth herein the preceding paragraphs.

24. Counterclaim Defendants brought a civil action against Counterclaim Plaintiffs.

25. Counterclaim Defendants' claims are without substantial justification as defined by the ALAA. (ALA. CODE § 12-19-270).

26. Under the ALAA, "without substantial justification" means that the claim is

"frivolous, groundless in fact or law," or interposed for an improper or vexatious purpose. ALA. CODE § 12-19-271(1).

**I. All of the claims Counterclaim Defendants bring are groundless in law as they clearly fail as a matter of law.**

**a. False Arrest and Imprisonment**

27. Counterclaim Defendant Virginia Huddleston was arrested pursuant to a grand jury indictment. (Doc. 10-2, PageID# 352-356).

28. The grand jury indictment resulted in a valid warrant issued by the Circuit Court of Mobile County, Alabama. (Doc. 10-3, PageID# 357-358).

29. The Alabama Supreme Court has been clear that a claim for false arrest or imprisonment cannot be maintained when the individual is arrested pursuant to a warrant. *Ennis v. Beason*, 537 So. 2d 17, 19 (Ala. 1988)(holding: "The law in Alabama is clear that a plaintiff is not entitled to recover for false arrest or imprisonment where he or she is arrested pursuant to a valid warrant issued by a lawfully authorized person. *Blake v. Barton Williams, Inc.*, 361 So.2d 376 (Ala. Civ. App. 1978). Under such circumstances, "neither the arrest nor the subsequent imprisonment is 'false,' and, as a consequence, the complaining party's action must be one for malicious prosecution." *Id.* at 378.

30. Because Counterclaim Defendant Virginia Huddleston was arrested pursuant to the grand jury indictment which resulted in a warrant, her claims of false arrest and imprisonment fail as a matter of law and are therefore groundless under the law.

**b. Malicious Prosecution**

31. Actions for malicious prosecution are not favored at law. *Alabama Power Co. v. Neighbors*, 402 So. 2d 958, 962 (Ala. 1981).

32. In order to succeed on a malicious prosecution claim, a plaintiff has the burden of providing that a defendant instigated a judicial proceeding without probable cause with malice, and the proceeding ended in the plaintiff's favor. *Id.*

33. Neither an acquittal nor a decision to *nol pros* a case creates an inference that probable cause was lacking. *Alabama Power Co. v. Neighbors*, 402 So. 2d 958, 967 (Ala. 1981).

34. Additionally, "'[i]n malicious prosecution the general rule is that *the finding of an indictment* by a grand jury against one charged with crime *is prima facie evidence of the existence of probable cause*, and that the acquittal of a defendant upon the trial does not tend to show a want of probable cause for believing him guilty of the offense charged when the arrest [was] made or prosecution initiated. . . .'" *Smith v. Wendy's of South, Inc.*, 503 So. 2d 843, 844 (Ala. 1987) *quoting Id.*

35. As discussed, Counterclaim Defendant Huddleston was arrested via the findings of an indictment by a grand jury. Therefore, there is prima facie evidence of probable cause. The fact that the charges against her were ultimately *nol pros* has no relevancy.

36. Therefore, this claim is also groundless under the law as it relates to Moving Defendants.

**c. Violation of Civil Rights**

37. First, it is unclear whether Counterclaim Defendants assert this cause of action against Counterclaim Plaintiffs.

38. The Complaint alleges "Defendants acting in their capacity as law enforcement with the Mobile County Sheriff's Office, unlawfully deprived Plaintiff of her legal and civil rights as guaranteed to her by the Constitution and Laws of the United States and of the State of Alabama." (Doc. 1, Ex. A, ¶ 50).

39. Counterclaim Plaintiffs are the BLBHA and the Board members in their capacity as BLBHA Board Members. None of Counterclaim Plaintiffs acted "in their capacity as law enforcement with the Mobile County Sheriff's Office" to violate Counterclaim Defendant Huddleston's civil rights, as none are employed by the Mobile County Sheriff's Office.[2]

40. Therefore, this claim is inapplicable to them. To the extent this claim is asserted against them, it fails as a matter of law.

**d. All claims brought under § 1983**

41. It is well established that a claim under 42 U.S.C. § 1983 must involve state action to be valid.

42. Specifically, "Section 1983 provides a remedy for persons alleging deprivations of their constitutional rights by government officials through action taken 'under color of state law.'" *Point Properties, Inc. v. Anderson*, 584 So. 2d 1332, 1336 (Ala. 1991).

---

[2] While Sheriff Burch is a member of the Mobile County Sheriff's Office, he is only a Counterclaim Plaintiff in this matter as a Board Member of the BLBHA.

43. Counterclaim Defendants' Complaint recognizes this requirement as they alleged: "Defendants were acting under color of law, exercising the authority given to them by the government of the Mobile County Sheriff's Office." (Doc. 1, Ex. A).

44. As previously noted, none of Counterclaim Plaintiffs are employed by the Mobile County Sheriff's Office.

45. Further, there is no '"close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).

46. As it relates to Counterclaim Plaintiffs, all claims under § 1983 fail as a matter of law for the lack of state action.

**e. Conversion**

47. Plaintiffs' conversion claim is groundless in law as none of Moving Defendants converted Plaintiffs' property to their own use, destroyed Plaintiffs' property, or exercised dominion over Plaintiffs' property.

48. Plaintiffs' property was seized pursuant to a search warrant that was executed by the Mobile County Sheriff's Department.

49. The Mobile County Sheriff's Department then retained possession of those items while the criminal charges against Counterclaim Defendant Huddleston proceeded.

50. Counterclaim Plaintiffs are a public housing authority and said Housing Authority's Board Members.

51. None of Counterclaim Plaintiffs were responsible for seizing Counterclaim Defendants' property during the search nor possessing the property while the criminal charges were litigated.

52. Counterclaim Defendants' claim for conversion against Counterclaim Plaintiffs is groundless under the law.

**II. Counterclaim Defendants brought suit for an improper and vexatious purpose.**

53. The day this matter was filed, Counterclaim Defendant Huddleston took to social media to proclaim "Mobile County Alabama Sheriff Paul Burch sued for armed home invasion with convicted felon – just 4 days before May 19 GOP primary." (Ex. A).

54. She then tagged approximately 100 media accounts or social media individuals in seventeen (17) follow-up posts. *Id.*

55. This list of tagged individuals includes Elon Musk, Donald Trump, Fox News, OANN, ABC, NBC News, Joe Rogan, Sean Hannity, and Tucker Carlson, among others.

56. As is clear from the Complaint, the actions complained of occurred in 2022.

57. Substantially the same allegations were previously alleged in the prior lawsuit in 2022, nearly four years ago, but were dismissed.

58. Four days prior to Counterclaim Plaintiff Paul Burch's primary election, and four years since the acts complained of occurred, the lawsuit was filed, and Counterclaim Defendant Huddleston took to social media.

59. In her article, Counterclaim Defendant Huddleston even notes her disappointment that "only a single local news article" had covered her lawsuit. (Ex. B).

60. The only logical conclusion regarding the timing of these events and Counterclaim Defendant Huddleston's actions after the suit was filed is that Counterclaim Defendants sought to undermine Counterclaim Plaintiff Paul Burch's chances of winning re-election and annoy him, the BLBHA, and its Board Members with yet another lawsuit.

61. Counterclaim Defendants' lawsuit is "without substantial justification as it is "groundless, in fact or in law," "vexatious," and "interposed for any improper purpose." ALA. CODE § 12-19-270, et seq.

62. The ALAA provides for a penalty when a claim is brought "without substantial justification." ALA. CODE § 12-19-270, et seq.

63. Counterclaim Plaintiffs seek this Court to enforce this penalty.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiffs respectfully request that this Court enter judgment in its favor and against Counterclaim Defendants as follows:

a. An award of reasonable attorney's fees incurred by Counterclaim Plaintiffs in defending against Counterclaim Defendant's claims, pursuant to the Alabama Litigation Accountability Act;

b. An award of all costs incurred by Counterclaim Plaintiffs in defending against Counterclaim Defendant's claims, pursuant to the Alabama Litigation Accountability Act;

c. An award of reasonable attorney's fees incurred by Counterclaim Plaintiffs in having to bring this claim against Counterclaim Defendants, pursuant to the Alabama Litigation Accountability Act;

d. An award of all costs incurred by Counterclaim Plaintiffs in having to bring this claim against Counterclaim Defendants, pursuant to the Alabama Litigation Accountability Act;

e. Such other relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ John D. Hemmings, III*

John D. Hemmings, III (HEM012)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
T (205) 868-6000 | F (205) 868-6099
Email: jhemmings@starneslaw.com

D. Kirby Howard, Jr. (HOW071)
STARNES DAVIS FLORIE LLP
11 N. Water Street; Suite 20290
Mobile, Alabama 36602
Phone: (251) 433-6049
dkhoward@starneslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record:

John George Scherf IV - scherflawfirm@gmail.com
Scherf Law Firm, LLC
P.O. Box 1067
Andalusia, AL 36420
*Attorney for Plaintiffs*

Mark L. Reddit – mredditt@MaynardNexsen.com
Maynard Nexsen
11 North Water Street
RSA Battle House Tower, Suite24290
Mobile, AL 36602
*Attorney for City of Bayou La Batre and Terry Downey*

K. Paul Carbo, Jr. - paul.carbo@atchisonlaw.com
The Atchison Firm P.C.
411 Azalea Road
Mobile, AL 36609
*Attorney for the Defendants Paul Burch and Mobile County Sheriff's Office*

*/s/ John D. Hemmings, III*
John D. Hemmings, III (ASB-2728-Y12Q)